UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

In re:

SEVEN STARS ON THE HUDSON
CORPORATION, d/b/a ROCKIN' JUMP

      Debtor,
_____/

Case No19-17544 - RBR
Chapter 11

SEVEN STARS ON THE HUDSON
CORPORATION, d/b/a ROCKIN' JUMP,

      Plaintiff

v.

MDG POWERLINE HOLDINGS, LLC
AND XBK MANAGEMENT LLC,
d/b/a XTREME ACTION PARK,

      Defendants.
_____

Adversary Proceeding
No. 19-01230-RBR

**DEBTOR'S RESPONSE TO XBK'S NOTICE OF MOTION
FOR JOINDER IN MDG'S MOTION TO DISMISS**

The Plaintiff-Debtor, Seven Stars On The Hudson Corporation, d/b/a Rockin' Jump ("Debtor" or "Plaintiff") hereby submits this response to the Joinder of XBK Management LLC, d/b/a Xtreme Action Park ("Xtreme"), filed on October 4, 2019 and hereby states:

    1)    On October 4, 2019, Xtreme filed its Joinder Motion giving notice that "it join[ed] and adopt[ed] the arguments and grounds raised by Defendant MDG Powerline Holdings, LLC"

("Landlord" or MDG Powerline) in the Landlord's Motion to Dismiss Adversary Motion, dated October 4, 2019 (DE #16) ("Landlord Motion" or "Motion").

2) When the Landlord in its Motion stated that "Plaintiff's claims against MDG Powerline are based entirely on the false premise that Xtreme Action Park was an agent of MDG Powerline, such that the alleged conduct of Xtreme is somehow attributable to MDG Powerline", Xtreme concurred with this statement by its Joinder Application and has specifically adopted as its own the position that it has never represented to Plaintiff that it was Landlord's agent without the Landlord's knowledge.

3) When the Landlord in its Motion argued that there could not have been a breach by it of the Covenant of Quiet Enjoyment because the Landlord "shall not be liable for any interference or disturbance by other tenants or third persons", Xtreme concurred with this statement by its Joinder Application and has specifically adopted as its own statement that its relationship with the Landlord is solely that of a tenant.

4) Plaintiff has alleged, based on various communications (or lack thereof), that Xtreme acted as an agent for the Landlord. With Xtreme now adopting the statements of the Landlord to the effect that there was no agency relationship and that this is a "false premise", Plaintiff is compelled to illustrate that the allegations in the pleading are accurate and lend further support to the Complaint.

5) First, Xtreme not only acted as the agent of the Landlord, but the Landlord authorized and did not disavow Xtreme's representations to Plaintiff that Xtreme was its authorized agent (at least as to certain things). For example, Xtreme's general manager in an email to Plaintiff's owner dated January 18, 2018, stated that it had the right to obtain Plaintiff's financials as it was the Landlord's "proxy". Significantly, the Landlord's representatives who

were copied on this email (including its outside counsel) did nothing to disavow this representation to Plaintiff. *See* id.  In another email dated August 17, 2018, Xtreme's general manager stated that it "[spoke] with the full authority of the [L]andlord and the lease". The Landlord's representatives, including its outside counsel who were copied on this email, similarly did nothing to disavow this statement to Plaintiff. *See* Email annexed as Exhibit 14.  This is consistent with the allegations in the Complaint alleging that Xtreme acted in concert with the Landlord and with the description of Xtreme in the Lease as a "Landlord Entity". Complaint, Exh. 1, Art. 8.

6)     Second, MDG Powerline's attorney also directed Plaintiff to remove its front registration desk because "Xtreme . . . will be reconstructing its front desk area".  In ordering Plaintiff to remove the desk, MDG Powerline cited to section 3(h)(c) of the Second Amendment to the Lease[1] which Provides as follows:

> In the event that ***Landlord reconstructs and/or expands the front desk area*** outside the lease Premises within the building and said reconstruction provides sufficient room for Tenant to place the registration area within the same, the parties agree that Tenant shall be permitted to perform its registration activities, subject to the terms and conditions set forth by Landlord, in the above mentioned reconstructed and expanded front desk area. (Emphasis Added).

The letters from MDG Powerline's attorney to Plaintiff are annexed hereto collectively as Exhibit 15 (emphasis added).

7)     If Xtreme were simply another tenant, the provision cited above by MDG Powerline's attorney would have no application.  However, its citation to the Second Amendment to the Lease as applying to Xtreme's construction certainly shows that Xtreme was treated by the Landlord as its agent or a Landlord Entity and that it was the Landlord that was holding out Xtreme

---

[1]     This is annexed as Exhibit 2 to the Adversary Complaint.

as its agent for purposes of forcing Plaintiff to remove its satellite desk. Plaintiff offers this as an illustration of Xtreme's relationship to the Landlord.

8) The Plaintiff responded to these letters that are annexed collectively as Exhibit 15 and attached its response to the Complaint. (s*ee* Exh. 11 attached to the Complaint which responds to the Landlord's allegations contained in the July 31st letter from the Landlord, which in turn references the June 1, 2018 letter from the Landlord). In its complaint, the Plaintiff referred to these letters from the Landlord as "contrived complaints". Complaint ¶ 63.

9) In addition, there are several allegations in the Complaint which state that Xtreme acted as the Landlord's agent on multiple occasions. *See, e.g*., Complaint, ¶¶ 29, 34, 42. It is certainly a key part of the Landlord's Motion to Dismiss. *See, e.g*., Landlord's Motion, section I; *see also* D.E. #16 (Xtreme's Joinder Application fully adopting arguments in Landlord's Motion).

10) On a motion to dismiss, this Court is permitted to examine the documents which are attached here as it relates to the Landlord's Motion to Dismiss as well as Xtreme's Joinder Application without converting the motion to one for summary judgment. Such documents can be submitted for the purpose of elaborating on the allegations in the pleading and for illustrative purposes only. *See Geinosky v. City of Chicago*, 675 F.3d 743 (7th Cir., 2012)("[i]n the turmoil concerning civil pleading standards stirred up by *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a plaintiff who is opposing a Rule 12(b)(6) or Rule 12(c) motion and who can provide such illustration may find it prudent to do so . . . [and] [i]t may also be prudent to explain to the district court that the materials are being submitted for illustrative purposes and should not be used to convert the motion into a Rule 56 motion for summary judgment.)); *see also SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir.2010) ("[t]his Court,

. . . has recognized an important qualification to [Rule 12(b)(6)] where certain documents and their contents are undisputed: "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged").

11)     It is important that these arguments be considered in connection with the Landlord's Motion and Xtreme's Joinder Application.  To not do so, would allow the statement by the Landlord and the adoption of same by Xtreme to the effect that Plaintiff's claims are "based entirely on the *false* premise that Xtreme . . .  was an agent of MDG Powerline" to stand in light of Plaintiff's allegations and of agency.  Agency is one of the key parts of Plaintiff's claim that has been specifically alleged in the Complaint, and these documents show that "there is likely to be some evidentiary weight behind the pleadings the court must evaluate".  *Geinosky*, 675 F.3d at 751 (internal citation and quotation marks omitted).

WHEREFORE, Plaintiff respectfully requests that this submission be considered as a part of its opposition to the Landlord's Motion to Dismiss and Xtreme's recently filed Joinder Application.

Dated:  October 11, 2019

        Respectfully submitted

        LAW OFFICE OF KATHLEEN A. DALY, P.A.

        */s/ Kathleen A. Daly*
By:   Kathleen A. Daly

        515 N. Flagler Dr., Ste. P300
        West Palm Beach, FL 33401
        (561) 293-8514
        kdaly@kadalylaw.com

        Attorney for the Plaintiff