**EXHIBIT 7**

**Kathleen Daly**

| | |
|---|---|
| **From:** | Kathleen Daly <kdaly@kadalylaw.com> |
| **Sent:** | Wednesday, December 11, 2019 3:10 PM |
| **To:** | 'Kai E. Jacobs' |
| **Subject:** | Seven Stars on the Hudson |

Dear Kai—

Please consider this a Demand Letter with a proposed remedy to address your client's continuing harmful conduct toward the Debtor.

Specifically, on Friday, December 6, 2019 and unknown to the Debtor, Xtreme Action Park was shut down for a lock-out event lasting until 3:00 pm. Its website indicated it was closed for a private event in large letters and only very small lettering at the bottom indicated that the trampoline park was open. At the entrance to the facility, Xtreme's greeter turned customers away telling them that Xtreme was closed for a private event. Significantly, it also prevented the Debtor's principals from entering, insisting that the entire Park was closed. Only after the owners brought one of the Debtor's staff people to act as a greeter for the Park, did Xtreme change its story and permit Debtor's customers to enter, and even then, through the side door. Moreover, Xtreme's Instagram account which announced its closing did not even reference the fact that the trampoline park was open.

Debtor was not notified in advance of this lock-out event. Had it been advised with sufficient lead-time, it could have made arrangements to advise its customer base through email blasts etc. Moreover, because many of the Debtor's repeat customers know that the Debtor's park is located within the Xtreme Action Park facility, those persons would have assumed that the entire park was closed had they checked the Instagram or the website for hours of operation because there was no indication that Xtreme Action Park's closing did not prominently exclude the trampoline park, or indicate that the Trampoline Park would remain open.

At the Park itself, the only notice that the trampoline park was open on December 6, 2019, was a statement, printed in small (not bolded) block letters and placed on a metal stand outside the entrance which stated "Trampoline Park Open All Day". However, the words preceding this statement contained the following—in bold and in a much larger font:

# THIS PARK CLOSED UNTIL 3:00 P.M. TODAY FOR A PRIVATE EVENT.

This was of little use because, while the sign was placed just outside the front entrance, Xtreme's greeter was telling customers that approached the entrance from the parking lot that the entire Park was closed. There was no indication that the trampoline park was open unless a customer specifically asked and only then following the Debtor's continued assertion that Xtreme had no right to block its customers from entering in order to access the Trampoline Park.

As a result of this action, the Debtor lost customers.

To remedy this harmful conduct going forward, I propose the following:

1. Two-weeks' notice, or if such an event is scheduled within the next two weeks, immediate notice, which notice shall include, the scheduled lock-out event, including dates and times.
2. Notice posted on the Xtreme Action Park website and social media that the closing does not affect the Debtor's park. Debtor shall be able to review the proposed website and social media notice in advance to ensure that the Notice is sufficient in size, color and placement on the various sites.
3. Xtreme's greeter posted outside of the facility on the day of the event shall make it clear to each person that the trampoline park is open and not affected by the lockout.

1

If I do not hear from you by Noon tomorrow, I will assume that your client has no intention of rectifying its harmful behavior towards the Debtor.  Should you have any questions or wish to discuss a proposed reasonable resolution as outlined above, please call me at 9-17-301-2437.

Thank you.

Kathleen

Kathleen A. Daly
THE LAW OFFICE OF KATHLEEN A. DALY, P.A.
FL   phone: (561) 293-8514
NY   phone: (212) 804-5741
Cell phone: (917) 301-2437
fax: (800) 395-8692
email:   kdaly@kadalylaw.com

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.