**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

In re:

SEVEN STARS ON THE HUDSON
CORPORATION, d/b/a ROCKIN' JUMP        Case No 19-17544 - SMG
                                       Chapter 11
      Debtor,
_____/

SEVEN STARS ON THE HUDSON                Adversary Proceeding
CORPORATION, d/b/a ROCKIN' JUMP,         No. 19-01230

      Plaintiff
v.
                                         **Proposed Temporary**
MDG POWERLINE HOLDINGS, LLC              **Restraining Order**
AND XBK MANAGEMENT LLC,
d/b/a XTREME ACTION PARK,


      Defendants.

_____

## TEMPORARY RESTRAINING ORDER

Upon the Motion for a Temporary Restraining Order filed by the Debtor, Seven Stars on the Hudson Corporation, d/b/a Rockin' Jump, and upon this Court's review and consideration of: (1) the Emergency Motion For Temporary Restraining Order And Preliminary Injunction, (2) the Declaration of Kathleen A. Daly, dated December 17, 2019, (3) the Declaration of Jens Berding, dated

December 16, 2019, and (4) the exhibits annexed to the Motion and Declarations (collectively, the "Motion"); and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. 105(a); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (M); and venue being proper before this Court pursuant to 28 U.S.C. § 1409; and appropriate, sufficient and timely notice of the filing of the Motion and request for a temporary restraining order having been given pursuant to Bankruptcy Rule 7065; and it appearing that the relief requested in the Motion is necessary and beneficial to the Debtor and to the public; and upon due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY FOUND AND DETERMINED THAT**:

    1)    The Debtor has demonstrated that the relief requested in the Motion is urgently needed. Unless a temporary restraining order is issued, there is a material risk that the Debtor's business will be harmed by sudden closures of the Park where its business is housed, in order for Xtreme to host private or semi-private events solely for its guests.

    2)    Such acts could: (i) interfere with the jurisdictional mandate of this Court under Chapter 11 of the Bankruptcy Code; and (ii) interfere with and cause harm to the Debtor's reorganization effort, including the payment of its creditors.

Accordingly, there is a material risk that the Debtor, its creditors and other parties in interest may suffer immediate and irreparable injury for which they will have no adequate remedy at law, and it is therefore necessary that the Court enter this order.

3) The interest of the public will be served by this Court's entry of this order.

4) The relief requested in the Motion is in the best interest of the Debtor, its creditors and other parties in interest.

5) The balancing of the interests weighs decidedly in favor of granting the within order.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT**:

6) The Motion is granted as set forth herein.

7) To the extent unresolved objections to the preliminary injunction requested in the Motion exist, all parties in interest must appear before the Honorable Scott M. Grossman, United States Bankruptcy Judge for the Southern District of Florida for a hearing (the "Hearing") at _____ on _____ at the Untied States Bankruptcy Court for the Southern District of Florida, Room ____, 299 E. Broward Blvd., Ft. Lauderdale, FL, or as soon thereafter as counsel may be heard to show why a preliminary injunction should not be granted as follows:

a. Prohibiting defendant XBK Management LLC d/b/a Xtreme Action Park ("Xtreme") from shutting down its facility without notifying the Debtor at least 14 days in advance of such closure;

b. Directing Xtreme (and its affiliated entities) in all advertising and public announcements, including any notices posted online, on social media, and other forms of signage in and around the physical location of Xtreme Action Park to advise that any private event shall not effect the Debtor and that the Debtor's park will remain open to the public during such event; and

c. Permitting the Debtor to review and approve Xtreme's advertising of any proposed closing at least ten (10) days in advance to ensure that the wording sufficiently alerts the public that the Debtor's park remains open during any semi-private or private event.

d. Permitting the Debtor to review the contract between Xtreme and its client to confirm whether the client is contracting for a private event that does not permit any other guests to enter the facility, or whether the client is contracting for a semi-private event where guests of Debtor are allowed to freely enter Xtreme action park. Regardless of whether the event is a private or semi-private event, , the common areas shall be freely accessible to the Debtor's guests.

      e. Directing that any such private or semi-private event arranged by Xtreme or any other person or entity acting on its behalf, shall not cause any disruption in food services for Debtor's guests while in the facility, unless an alternate arrangement is agreed to by Debtor in writing.

8) Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to this Chapter 11 Case by Bankruptcy Rule 7065, no notice to any person is required prior to the entry and issuance of this order.

9) Pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65© of the Federal Rules of Civil Procedure are waived.

10) This order is without prejudice to the right of the Debtor to seek additional relief under applicable provisions of the Bankruptcy Code.

11) This order and the Motion shall be promptly served on the defendants and all other parties who have filed notices of appearance pursuant to Bankruptcy Rule 2002.

12) Service in accordance with this order shall be deemed good and sufficient service and adequate notice for all purposes.

13) Any party in interest wishing to submit a response or objection to the relief requested in the Motion must do so in writing and such response shall conform to the Bankruptcy Rules and Local Bankruptcy Rules for the

  Southern District of Florida and shall be served so as to be actually received by not later than _____ by the following parties:

   a. Counsel for the Debtor in the Adversary Proceeding;

   b. Counsel for the Debtor in the Main Case;

   c. The United States Trustee; and

   d. All other parties who have filed notices of appearance.

14) This Court may enter an order granting the preliminary injunction requested in the Motion without hearing if no unresolved objections exist.

15) The terms of this order shall be immediately effective and enforceable upon its entry.

16) The Debtor is hereby authorized and empowered to take any action or perform any act necessary to implement and effectuate the terms of the order.

17) This Court shall retain exclusive jurisdiction with respect to the enforcement, amendment or modification of this order, and any requests for additional relief, and any request by an entity for relief from the provisions of this order.

Dated:  December _, 2019

                     _____
                     United States Bankruptcy Judge