**EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

In re:

SEVEN STARS ON THE HUDSON
CORPORATION, d/b/a ROCKIN' JUMP           Case No 19-17544 - SMG
                                          Chapter 11
        Debtor,
_____/

SEVEN STARS ON THE HUDSON                 Adversary Proceeding
CORPORATION, d/b/a ROCKIN' JUMP,          No. 19-01230

        Plaintiff
v.
                                          **Proposed Preliminary**
MDG POWERLINE HOLDINGS, LLC               **Injunction Order**
AND XBK MANAGEMENT LLC,
d/b/a XTREME ACTION PARK,

        Defendants.
_____

## ORDER GRANTING PRELIMINARY INJUNCTION

Upon the Motion for a Temporary Restraining Order filed by the Debtor, Seven Stars on the Hudson Corporation, d/b/a Rockin' Jump ("Debtor"), and upon this Court's review and consideration of: (1) the Emergency Motion For Temporary Restraining Order And Preliminary Injunction, (2) the Declaration of Kathleen A. Daly, dated December 17, 2019, (3) the Declaration of Jens Berding, dated

December 16, 2019, and (4) the exhibits annexed to the Motion and Declarations (collectively, the "Motion"); and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. 105(a); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (M); and venue being proper before this Court pursuant to 28 U.S.C. § 1409; and appropriate, sufficient and timely notice of the filing of the Motion and request for a temporary restraining order having been given pursuant to Bankruptcy Rule 7065; and the hearing thereon having been given in accordance with the Court's Temporary Restraining Order dated December _, 2019, and pursuant to Bankruptcy Rule 7065; and upon the record established at the hearing; and it appearing that the relief requested in the Motion is necessary and beneficial to the Debtor and to the public; and upon due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY FOUND AND DETERMINED THAT**:

1) There is a substantial likelihood that the Debtor will be able to demonstrate that the actions of Xtreme as described in the Motion will impede and impair the Debtor's reorganization efforts;

2) The granting of injunctive relief pursuant to section 105(a) of the Bankruptcy Code will either (i) not cause undue hardship to Xtreme or any party whose interests are aligned with Xtreme, or (ii) any hardship to Xtreme or any party

whose interests are aligned with Xtreme is outweighed by the benefits of the requested relief to the Debtor;

3) The Debtor has demonstrated that the relief requested in the Motion is urgently needed. Such acts by Xtreme could: (i) interfere with the jurisdictional mandate of this Court under Chapter 11 of the Bankruptcy Code; (ii) interfere with and cause harm to the Debtor's reorganization effort, including the payment of its creditors. Accordingly, there is a material risk that the Debtor, its creditors and other parties in interest may suffer immediate and irreparable injury for which they will have no adequate remedy at law, and it is therefore necessary that the Court enter this order.

4) The interest of the public will be served by this Court's entry of this order.

5) The relief requested in the Motion is in the best interest of the Debtor, its creditors and other parties in interest.

6) The balancing of the interests weighs decidedly in favor of granting the within order.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT**:

7) The Motion is granted as set forth herein.

8) Beginning on the date of this order;

a. Defendant XBK Management LLC d/b/a Xtreme Action Park ("Xtreme") is prohibited from shutting down its facility without notifying the Debtor at least 14 days in advance of such closure;

b. Defendant Xtreme and all affiliated persons or entities shall in all advertising and public announcements, including any notices posted online, on social media, and other forms of signage in and around the physical location of Xtreme Action Park, advise that any private or semi-private event held by Xtreme shall not affect the Debtor and that the Debtor's park will remain open to the public during such event; and

c. The Debtor shall have the right to review and approve Xtreme's advertising of any proposed closing in advance (at least ten (10) business days) to ensure that the wording sufficiently alerts the public that the Debtor's park will remain open during any private or semi-private event;

d. The Debtor shall have the right to review at least fourteen (14) days in advance the contract between Xtreme, and its client to confirm whether the client is contracting for a private event that does not permit any other guests to enter the facility or whether the client is contracting for a semi-private event where guests of Debtor are

allowed to freely enter Xtreme. If a semi-private event is arranged, the common areas shall at all times be freely accessible to the Debtor's guests.

9) During any such private or semi-private event arranged by Xtreme or any other person or entity acting on its behalf, there shall be no disruption in food services for Debtor's guests while in the facility, unless an alternate arrangement is agreed to by Debtor in writing.

10) Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to this Chapter 11 Case by Bankruptcy Rule 7065, no notice to any person is required prior to the entry and issuance of this order.

11) Pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

12) This order is without prejudice to the right of the Debtor to seek additional relief under applicable provisions of the Bankruptcy Code.

13) This order and the Motion shall be promptly served on the defendants and all other parties who have filed notices of appearance pursuant to Bankruptcy Rule 2002.

14) Service in accordance with this order shall be deemed good and sufficient service and adequate notice for all purposes.

15) The terms of this order shall be immediately effective and enforceable upon its entry.

16) The Debtor is hereby authorized and empowered to take any action or perform any act necessary to implement and effectuate the terms of the order.

17) This Court shall retain exclusive jurisdiction with respect to the enforcement, amendment or modification of this order, and any requests for additional relief, and any request by an entity for relief from the provisions of this order.

Dated: December _, 2019

_____
United States Bankruptcy Judge