UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

| | |
|---|---|
| In re:<br>SEVEN STARS ON THE HUDSON CORPORATION d/b/a ROCKIN' JUMP,<br>      Debtor,<br>_____/ | CASE NO. 19-17544-RBR<br>Chapter 11 |
| SEVERN STARS ON THE HUDSON CORPORATION d/b/a ROCKIN' JUMP<br>      Plaintiff,<br>vs.<br>MDG POWERLINE HOLDINGS, LLC AND XBK MANAGEMENT LLC d/b/a XTREME ACTION PARK,<br>      Defendants.<br>_____/ | Adversary Proceeding<br>No.  19-AP-1230-SMG |

**XBK'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**DEBTOR'S FIRST AMENDED COMPLAINT**

Defendant XBK Management LLC, d/b/a Xtreme Action Park ("**XBK**") answers the First Amended Complaint of Plaintiff/Debtor Seven Stars On The Hudson Corporation, d/b/a Rockin' Jump ("**Debtor**"), as follows:

1. XBK admits that this action alleges the causes of action identified in paragraph 1, but denies that XBK is liable to Debtor, that Debtor suffered any compensable damages and the remaining allegations set forth in paragraph 1.

2. XBK admits the allegations set forth in paragraph 2.

3. XBK admits the allegations set forth in paragraph 3.

4. XBK admits the allegations set forth in paragraph 4.

5. XBK admits that Debtor was a corporation, was organized under the laws of the State of Florida and maintained a place of business in Ft. Lauderdale, Florida but is without information sufficient to admit or deny the remaining allegations set forth in paragraph 5 and, therefore, denies them.

6. XBK admits that Defendant MDG Powerline Holdings, LLC ("**MDG**") is a limited liability company but is without information sufficient to admit or deny the remaining allegations set forth in paragraph 6 and, therefore, denies them.

7. XBK admits that it is a limited liability company formed under the laws of the State of Florida that maintains its principal place of business in Ft. Lauderdale, Florida but denies the remaining allegations set forth in paragraph 7.

## THE LEASE

8. XBK admits the allegations set forth in paragraph 8.

9. XBK, who is not a party to the purported lease, admits that a document appended to the pleading, appears to be a lease. XBK is without information sufficient to admit or deny the remaining allegations of paragraph 9 and, therefore, denies them.

10. XBK, who is not a party to the purported lease, admits that a document appended to the pleading, appears to be an amendment to the lease. XBK is without information sufficient to admit or deny the remaining allegations of paragraph 10 and, therefore, denies them.

11. XBK is without information sufficient to admit or deny the allegations of paragraph 11 and, therefore, denies them.

12. XBK is without information sufficient to admit or deny the allegations of paragraph 12 and, therefore, denies them.

13. XBK is without information sufficient to admit or deny the allegations of paragraph 13 and, therefore, denies them.

## CONSTRUCTION AND OPENING OF THE BUSINESS

14. XBK admits that Debtor operated a trampoline facility but is without information sufficient to admit or deny the allegations set forth in paragraph 14 and, therefore, denies them.

15. XBK is without information sufficient to admit or deny the allegations of paragraph 15 and, therefore, denies them.

16. XBK is without information sufficient to admit or deny the allegations of paragraph 16 and, therefore, denies them.

17. XBK is without information sufficient to admit or deny the allegations of paragraph 17 and, therefore, denies them.

18. XBK is without information sufficient to admit or deny the allegations of paragraph 18 and, therefore, denies them.

19. XBK is without information sufficient to admit or deny the allegations of paragraph 19 and, therefore, denies them.

20. XBK is without information sufficient to admit or deny the allegations of paragraph 20 and, therefore, denies them.

21. XBK is without information sufficient to admit or deny the allegations of paragraph 21 and, therefore, denies them.

22. XBK is without information sufficient to admit or deny the allegations of paragraph 22 and, therefore, denies them.

23. XBK is without information sufficient to admit or deny the allegations of paragraph 23 and, therefore, denies them.

## RELATIONSHIP BETWEEN LANDLORD AND XTREME

24. XBK admits that, at some time in 2015, it was introduced to Debtor, but is without information sufficient to admit or deny the allegations set forth in paragraph 24 and, therefore, denies them.

25. XBK denies the allegations set forth in paragraph 25.

26. XBK denies the allegations set forth in paragraph 26.

27. XBK denies the allegations set forth in paragraph 27.

28. XBK is without information sufficient to admit or deny the allegations of paragraph 28 and, therefore denies them

29. XBK denies the allegations of paragraph 29 of the complaint.

30. XBK denies the allegations of paragraph 30 of the complaint.

31. XBK denies the allegations of paragraph 31 of the complaint.

32. XBK denies the allegations of paragraph 32 of the complaint.

33. XBK denies the allegations of paragraph 33 of the complaint.

34. XBK denies the allegations of paragraph 34 of the complaint.

35. XBK admits that some of its personnel were present at meetings along with representatives of Debtor and MDG but is without information sufficient to admit or deny the remaining allegations set forth in paragraph 35 and, therefore, denies them.

36. XBK denies the allegations set forth in paragraph 36.

37. XBK denies the allegations set forth in paragraph 37.

38. XBK denies the allegations set forth in paragraph 38.

39. XBK admits that it transmitted the e-mail appended to the amended complaint as Exhibit 5, but denies the remaining allegations set forth in paragraph 39.

40. XBK denies the allegations set forth in paragraph 40.

## DEFENDANTS' WRONGFUL ACTS

41. XBK is without information sufficient to admit or deny the allegations of paragraph 41 and, therefore, denies them.

42. XBK is without information sufficient to admit or deny the allegations of paragraph 42 and, therefore, denies them.

43. XBK is without information sufficient to admit or deny the allegations of paragraph 43 and, therefore, denies them.

44. XBK admits that it engaged in cross-promotion advertising with Debtor but is without information sufficient to admit or deny the remaining allegations of paragraph 44 and, therefore, denies them.

45. XBK is without information sufficient to admit or deny the allegations of paragraph 45.

46. XBK denies the allegations of paragraph 46.

*Absence of signage and information for Debtor's business*

47. XBK, who is not a party to the referenced lease addendum, is without information sufficient to admit or deny the allegations of paragraph 47 and, therefore, denies them.

48. XBK denies the allegations set forth in paragraph 48.

49. XBK, who is not a party to the referenced lease addendum, is without information sufficient to admit or deny the allegations explaining the terms of the referenced lease amendment and, therefore, denies them. XBK is without information sufficient to admit or deny the remaining allegations of paragraph 49 and, therefore, denies them.

50. XBK admits that, at some point in time, the sign referenced in paragraph 50 was on site, but is without information sufficient to admit or deny the remaining allegations of the paragraph and, therefore, denies them.

51. XBK denies the allegations set forth in paragraph 51.

*(i) misappropriation of Debtor's sign*

52. XBK denies the allegations set forth in paragraph 52.

53. XBK denies the allegations set forth in paragraph 53.

54. XBK denies the allegations set forth in paragraph 54.

55. XBK denies the allegations set forth in paragraph 55.

56. XBK denies the allegations set forth in paragraph 56.

57. XBK is without information sufficient to admit or deny the allegations set forth in paragraph 57 and, therefore, denies them.

*(ii) dismantling of Debtor's front desk*

58. XBK denies the allegations set forth in paragraph 58.

59. XBK denies the allegations set forth in paragraph 59.

60. XBK admits that the document appended to the amended complaint as Exhibit 10 is a letter and that its contents have been restated in the pleading but is without information sufficient to admit or deny the remaining allegations set forth in paragraph 60.

61. XBK admits that is has renovated parts of its premises but denies the remaining allegation of paragraph 61.

62. XBK denies the allegations set forth in paragraph 62.

63. XBK admits that Debtor was able to operate but denies the remaining allegations set forth in paragraph 63.

64. XBK denies the allegations set forth in paragraph 64.

*Intentionally blocking the view of Debtor's logo and limiting access*

65. XBK denies the allegations set forth in paragraph 65.

66. XBK denies the allegations set forth in paragraph 66.

67. XBK denies the allegations set forth in paragraph 67.

68. XBK admits that the photographs appended to the amended complaint as Exhibit 11 depict aspects of the business premises but denies the remaining allegations of paragraph 68.

69. XBK denies the allegations set forth in paragraph 69.

70. XBK denies the allegations set forth in paragraph 70.

*No advertising*

71. XBK admits that it engaged in cross-promotion activities with Debtor but denies the remaining allegations of paragraph 71.

72. XBK denies the allegations set forth in paragraph 72.

73. XBK is without information sufficient to admit or deny allegations concerning specific lease obligations and, therefore, denies the allegations set forth in paragraph 73. XBK admits that the photographs appended to the amended complaint depict aspects of the business premises, but denies the remaining allegations set forth in paragraph 73.

74. XBK denies the allegations set forth in paragraph 74.

75. XBK, who is not a party to the referenced lease addendum, is without information sufficient to admit or deny the allegations explaining the terms of the referenced lease amendment and, therefore, denies them. XBK is without information sufficient to admit or deny the remaining allegations of paragraph 75 and, therefore, denies them.

76. XBK denies the allegations set forth in paragraph 76.

*Other wrongful acts by Landlord/Xtreme*

*(i) Food service*

77. XBK admits that it is permitted to sell food on site but, as it is not a party to the underlying lease documents, is without information sufficient to admit or deny the remaining allegations set forth in paragraph 77 and, therefore, denies them.

78. XBK denies the allegations set forth in paragraph 78.

79. XBK is without information sufficient to admit or deny what actions or communications Debtor undertook with respect to MDG and, therefore, denies them. XBK admits that Debtor has complained about food services on site but denies the remaining allegations of paragraph 79.

80. XBK denies the allegations set forth in paragraph 80.

*(ii) Lock-out Events*

81. XBK admits that it has held lock-out events but denies that there have been several such lock-out events, as well as the remaining allegations set forth in paragraph 81.

82. XBK denies the allegations set forth in paragraph 82.

83. XBK denies the allegations set forth in paragraph 83.

84. XBK denies the allegations set forth in paragraph 84.

85. XBK denies the allegations set forth in paragraph 85.

86. XBK denies the allegations set forth in paragraph 86 as non-factual.

*(iii) Customer Confusion*

87. XBK is without information sufficient to admit or deny the allegations of paragraph 87 and, therefore, denies them.

88. XBK admits that its customers sign waivers, but denies the remaining allegations set forth in paragraph 88.

89. XBK denies the allegations set forth in paragraph 89.

90. XBK denies the allegations set forth in paragraph 90.

91. XBK is without information sufficient to admit or deny the allegations set forth in paragraph 91.

92. XBK denies the allegations set forth in paragraph 92.

93. XBK is without information sufficient to admit or deny the allegations of paragraph 93 and, therefore, denies them.

### (iv) Other disreputable business practices

94. XBK denies the allegations set forth in paragraph 94.

95. XBK, who is not a party to the referenced lease addendum, is without information sufficient to admit or deny the allegations explaining the terms of the referenced lease documents and, therefore, denies the allegations set forth in paragraph 95.

96. XBK is without information sufficient to admit or deny the allegations set forth in paragraph 96.

97. XBK is without information sufficient to admit or deny the allegations set forth in paragraph 97.

98. XBK denies that cameras are installed on the premises, but denies allegations set forth in paragraph 98.

99. XBK, who is not a party to the referenced lease addendum, is without information sufficient to admit or deny the allegations explaining the terms of the referenced lease documents and, therefore, denies the allegations set forth in paragraph 99.

100. XBK denies the allegations of paragraph 100.

## COUNT ONE

### (BREACH OF COVENANT OF QUIET ENJOYMENT)
### against Defendant Landlord

101. XBK is not joined as a defendant to this count. Accordingly, it is not required to respond to the allegations made in paragraphs 101 – 110.

## COUNT TWO

### BREACH OF THE IMPLIED DUTY OF
### GOOD FAITH AND FAIR DEALING

111.   XBK is not joined as a defendant to this count.  Accordingly, it is not required to respond to the allegations made in paragraphs 111 – 121.

## COUNT THREE

### (VIOLATION OF FDUTPA)
### against Landlord

122.   XBK is not joined as a defendant to this count.  Accordingly, it is not required to respond to the allegations made in paragraphs 122 – 125.

## COUNT FOUR

### (VIOLATION OF FDUTPA)
### against XBK

126.   Paragraph 126 does not require a response.

127.   XBK denies the allegations set forth in paragraph 127.

128.   XBK denies the allegations set forth in paragraph 128.

**WHEREFORE**, XBK demands the entry of final judgment in its favor and against Debtor, that Debtor take nothing by this action, an award of costs, an award of attorneys' fees, as authorized by §501.2105 Fla. Stat., and for such additional relief as this Court deems just and appropriate.

## COUNT FIVE

### (TORTIOUS INTERFERENCE WITH
### ADVANTAGEOUS BUSINESS RELATIONSHIPS)
### against XBK

129.   Paragraph 129 does not require a response.

130.   XBK is without information sufficient to admit or deny the allegations set forth in paragraph 130 and, therefore, denies them.

131.	XBK is without information sufficient to admit or deny the allegations set forth in paragraph 131 and, therefore, denies them.

132.	XBK denies the allegations set forth in paragraph 132.

133.	XBK is without information sufficient to admit or deny the allegations set forth in paragraph 133 and, therefore, denies them.

134.	XBK is without information sufficient to admit or deny the allegations set forth in paragraph 134 and, therefore, denies them.

135.	XBK denies the allegations set forth in paragraph 135.

136.	XBK denies the allegations set forth in paragraph 136.

137.	XBK denies the allegations set forth in paragraph 137.

**WHEREFORE**, XBK demands the entry of final judgment in its favor and against Debtor, that Debtor take nothing by this action, an award of costs and for such additional relief as this Court deems just and appropriate.

138.	XBK hereby denies all allegations of the first amended complaint not expressly admitted or otherwise addressed in the foregoing paragraphs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Debtor's claims fail to the extent that they incorporate the substantive allegations of the prior counts alleged against MDG.  *See Kohli v. Pembroke Mall, LLC*, 2017 WL 4863089, *2 (S.D. Fla. October 26, 2017) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015)).

### SECOND AFFIRMATIVE DEFENSE

To the extent that it is predicated upon issues of signage, access to or use of the front desk, limitations of access or view, food service or lock-outs, Debtor's claim for violation of the Florida

Deceptive Unfair Trade Practices Act ("**FDUTPA**") fails, as the complained of acts and omissions are expressly bargained for elements of a written lease by and between Debtor and MDG. XBK is neither a party to the lease documents nor responsible thereunder for the parties' performance or breach, either in contract or statute. The grounds for liability laid out in the amended complaint sound exclusively in a claim for breach of contract by and between Debtor and MDG.

### THIRD AFFIRMATIVE DEFENSE

To the extent that it is predicated upon a verbal agreement governing cross-promotion, marketing or advertising, Debtor's claim for violation of FDUTPA fails. The statute does not expand on or replace the parties' expectations created by contract.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that it is predicated upon lock-out events, Debtor's claim for violation of FDUTPA fails. Debtor has been paid and compensated for all lock-out events.

### FIFTH AFFIRMATIVE DEFENSE

Debtor cannot recover in tort from XBK for breaches of the contracts entered into with MDG that underlie Debtor's claim for tortious interference with contract.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that Debtor seeks to establish XBK as an agent of MDG, it cannot assert that XBK is also sufficiently dissimilar from MDG that its conduct could have interfered with the contractual arrangements maintained between XBK and MDG.

### SEVENTH AFFIRMATIVE DEFENSE

Debtor's claim for tortious interference with contract fails, as XBK's actions were taken in furtherance of, and in compliance with, its own obligations to MDG.

12

**EIGHTH AFFIRMATIVE DEFENSE**

Debtor cannot simultaneously seek compensation from MDG for breach of the contract on the grounds alleged herein and simultaneously seek compensation from XBK for allegedly interfering in such contractual relationship.

**NINTH AFFIRMATIVE DEFENSE**

XBK's conduct, undertaken on its own business premises and in furtherance of its own business that was not in competition with Debtor, was privileged and does not give rise to tortious interference with Debtor's relationship with MDG.

**WHEREFORE**, XBK demands the entry of final judgment in its favor and against Debtor, that Debtor take nothing by this action, an award of costs, an award of attorneys' fees as are incurred in connection with the defense of count four and for such additional relief as this Court deems just and appropriate.

Dated: May 12, 2020.                              Respectfully submitted,

By: /s/ Kai E. Jacobs
Kai E. Jacobs
Fla. Bar No. 987336
Email: kj@sflblg.com
**SOUTH FLORIDA BUSINESS LAW GROUP**
2222 Ponce de Leon Boulevard, Suite 300
Coral Gables, Florida 33134
Tel: (305) 768-9846 / Fax: (305) 384-4661
*Attorneys for XBK Management*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail through the CM/ECF system on May 12, 2020 on all counsel and parties of record on the Service List below.

## SERVICE LIST

Kathleen A. Daly, Esq.
**Law Office of Kathleen A. Daley, P.A.**
*Counsel for Debtor/Plaintiff*
515 N. Flagler Dr., Ste. P300
West Palm Beach, FL 33401
Tel: 561-293-8514
Email: kdaly@kadalylaw.com

Jay M. Sakalo, Esq.
**Bilzin Sumberg Baena Price & Axelrod LLP**
*Counsel for MDG Powerline*
1450 Brickell Avenue, 23rd Floor
Miami, FL 33131
Tel: 305-374-7580
Email: jsakalo@bilzin.com

Susan E. Raffanello, Esq.
Scott A. Hiaasen, Esq.
**Coffey Burlington, P.L.**
*Counsel for MDG Powerline*
2601 South Bayshore Drive, Penthouse One
Miami, FL 33133
Tel: 305-858-2900 /Fax: 305-858-5261
Email: sraffanello@coffeyburlington.com
shiaasen@coffeyburlington.com
lmaltz@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com

By: __/s/ Kai E. Jacobs__
KAI E. JACOBS