UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

In re:

SEVEN STARS ON THE HUDSON
CORPORATION, d/b/a ROCKIN' JUMP          Case 20-19106 SMG
                                          Chapter 11
      Debtor,
_____/

SEVEN STARS ON THE HUDSON                 Adversary Proceeding
CORPORATION, d/b/a ROCKIN' JUMP,          No. 19-01230

      Plaintiff
v.


MDG POWERLINE HOLDINGS, LLC
AND XBK MANAGEMENT LLC,
d/b/a XTREME ACTION PARK,


      Defendants.

_____

### MOTION FOR LEAVE TO SERVE
### AND FILE A THIRD AMENDED COMPLAINT

COMES NOW the Debtor, SEVEN STARS ON THE HUDSON CORP., by and through undersigned counsel, and files this Motion seeking leave to serve and file its second amended complaint, and states:

**Background**

1. The Debtor previously filed a voluntary petition under chapter 11 on June 5, 2019.

2. In the course of that case, the Debtor filed an adversary proceeding Case No. 19-01230.

3. The previous bankruptcy case was dismissed on August 7, 2020.

4. The Debtor filed the instant case on August 24, 2020.

5. The adversary proceeding remains pending.

6. In its second amended complaint filed on January 28, 2021, the Debtor alleged six causes of action against the Defendant, MDG Powerline Holdings LLC (the "Landlord") and XBK Management LLC d/b/a Xtreme Action Park ("Xtreme") including (i) Breach of Contract by Landlord); (ii) Breach of the Covenant of Good Faith and Fair Dealing by Landlord; (iii) violation of Florida's Deceptive and Unfair Trade Practices Act [FDUTPA] by Landlord; (iv) violation of FDUTPA by Xtreme, (v) Tortious Interference by Xtreme and (vi) Tortious Interference by Landlord and Xtreme with respect to the franchise agreement.

7. The Landlord and Xtreme answered the Second Amended Complaint on February 12, 2021.

8. Discovery closed on May 14, 2021 per order of this Court issued on May 13, 2021.

9. Plaintiff has been operating its stand-alone trampoline park having lost its franchise as of April 2020.

10. The proposed Third Amended Complaint seeks to add new facts concerning interference with its signage rights by Defendants. These new facts arose after the expiration of the deadline for amendment of the Pleadings set forth in the most recent scheduling order.

11. The proposed Third Amended Complaint is annexed as Exhibit A.

## Legal Argument

12. Under the Federal Rules of Civil Procedure, amendments are permitted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff understands however that when the amendment is

sought beyond the deadline for amendments set forth in the scheduling order —which in this case was November 6, 2020— Plaintiff is required to demonstrate good cause why leave to amend the complaint should be granted. "Good cause exists when "evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline passed." *Rolle v. Branch Banking and Trust Company*, 2014 WL 11638588 *3 (S.D. Fla. May 27, 2014)(citation omitted).

13. The circumstances giving rise to this amendment arose after the expiration of the deadline to amend. Indeed, the Defendants' refusal to permit the signage arose only this past summer when Plaintiff contacted both the Landlord and Xtreme representatives and requested approval. Mr. Goldfarb, who apparently acts on behalf of either the Landlord and/or Xtreme when it suits Defendants' purposes, has denied Plaintiff's request on the flimsiest of grounds – that it does not conform to building standards. However, those standards have never been defined. Moreover, his further excuse that the colors on the existing steel box mounted on the façade are too close to those of Rockin' Jump is equally feeble because Rockin' Jump did not require Plaintiff did re-paint using different colors when the Franchise was terminated. *See* Bankruptcy Case 19-17544, DE # 152, pg. 10, ¶ 7. The only requirement of the Franchisor upon termination was that its signs and marks be removed. *See* id.

14. In addition, the arguments raised by Goldfarb now in terms of rejecting Plaintiff's proposed outside signage is counter to Goldfarb's deposition testimony in which he repeatedly referred to the existing steel boxes as a "blank canvas" just waiting to be used by Plaintiff. Goldfarb referred to it as the best possible signage because it could be seen by 400,000 to 500,000 drivers that pass the building on a daily basis. A copy of excerpts from Mr. Goldfarb's deposition are annexed as Exhibit B.

15. The Plaintiff has alleged that the summer months are its busiest month. Ex. A, ¶ 55.

16. Plaintiff sent a Notice to Cure regarding the signage issues but the letter has been ignored. A copy of the letter is annexed as Exhibit C.

17. Because these circumstances could not have been discovered with the exercise of due diligence, the amendment should be permitted.

    Wherefore, the Plaintiff respectfully requests that it be permitted to serve and file this second amended complaint and grant such other and further relief to Plaintiff as is just and equitable in the circumstances.

Dated: September 27, 2021

                           LAW OFFICE OF KATHLEEN A. DALY, P.A.

                           */s/ Kathleen A. Daly*
                           By: Kathleen A. Daly
                           515 Flagler Dr., Ste. P300
                           West Palm Beach, FL 33401
                           (917) 301-2437
                           kdaly@kadalylaw.com
                           Attorney for the Debtor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF and/or via email, on September 28, 2021, on all counsel or parties of record on the below/attached Service List.

> */s/ Kathleen A. Daly*
> Kathleen A. Daly

## SERVICE LIST

1    **MDG POWERLINE HOLDINGS, LLC**

    Jay M. Sakalo, Esq.
    BILZIN SUMBERG BAENA PRICE & AXELROD LLP
    1450 Brickell Avenue, 23rd Floor
    Miami, FL 33131
    Email:    jsakalo@bilzin.com

    And

    Scott A. Hiaasen, Esq.
    COFFEY BURLINGTON, P.L.
    2601 South Bayshore Drive, Penthouse One
    Miami, FL 33133
    Email:    shiaasen@coffeyburlington.com

2    **XBK MANAGEMENT LLC d/b/a XTREME ACTION PARK**
    Represented by
    Kai M. Jacobs, Esq.
    Kai Jacobs, PA
    2222 Ponce de Leon Blvd, Ste. 300
    Coral Gables, FL 33134
    Email: kj@sflblg.com