UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

IN RE:

SEVEN STARS ON THE HUDSON   CASE NO: 20-19106-SMG
CORPORATION, d/b/a ROCKIN'JUMP

      Debtor,
_____/

SEVEN STARS ON THE HUDSON   ADVERSARY NO.: 19-01230-SMG
CORPORATION, d/b/a ROCKIN'JUMP

      Plaintiff,

v.

MDG POWERLINE HOLDINGS, LLC,
and XBK MANAGEMENT LLC, d/b/a
XTREME ACTION PARK,

      Defendants.
_____/

**DEFENDANT MDG POWERLINE HOLDINGS, LLC'S RESPONSE TO PLAINTIFF'S MOTION TO SHORTEN TIME FOR PRODUCTION**

Defendant MDG POWERLINE HOLDINGS, LLC ("MDG Powerline"), by and through undersigned counsel, hereby submits its Response to Plaintiff's Motion to Shorten Time for Production [ECF No. 295], and states as follows:

**BACKGROUND**

Plaintiff Seven Stars on the Hudson Corporation ("Seven Stars") just will not take yes for an answer.

1

Seven weeks ago, MDG Powerline submitted its Verified Motion for Attorneys' Fees and Nontaxable Costs. *See* ECF No. 258 (the "Fee Motion"). In the Fee Motion, which was verified by undersigned counsel Jay Sakalo, MDG Powerline sought to recover $343,518.00 in legal fees incurred by MDG Powerline in defending this action. *Id.* at 13. In support of the Fee Motion, undersigned co-counsel Scott Hiaasen submitted a sworn declaration stating under oath that "MDG Powerline incurred attorneys' and paralegal fees from Coffey Burlington in the total amount of $329,398.50" through January 31, 2022. *Id.*, Ex. 3. Attached to this declaration are what Mr. Hiaasen described, again under oath, as "contemporaneous billing records showing the specific tasks performed by each attorney and paralegal involved in the case through the Final Judgment entered on January 31, 2022" and "contemporaneous billing records showing the specific tasks performed in the preparation of MDG Powerline's Motion for Attorneys' Fees and its Bill of Costs." *Id.*, Exs. 3, 3D & 3F.

On March 25, 2022, Seven Stars filed its Response to the Fee Motion. *See* ECF No. 294. Significantly, Seven Stars ***does not*** contest MDG Powerline's entitlement to attorneys' fees and nontaxable costs, and it ***does not*** dispute the reasonableness of the hourly rates charged by MDG Powerline's counsel. The only objections raised by Seven Stars in its Response are its complaints that counsel's billing records reflect "block billing" and that certain time entries are either excessive or for administrative tasks. *Id.* Based on these objections, Seven Stars has requested an "across the board" reduction of MDG Powerline's attorneys' fees by one-third. Thus, Seven Stars ***conceded*** in its Response that MDG Powerline was entitled to recover two-thirds of its attorneys' fees, and the only potential remaining contested issue to be decided by the Court was how much of its remaining fees (above and beyond two-thirds) are recoverable.

2

After reviewing Seven Stars' Response, MDG Powerline determined that, in the interest of avoiding the cost of additional litigation on fees, it would not contest Seven Stars' request for a one-third "across the board" reduction of its fee application. Undersigned counsel then reached out to Seven Stars' counsel to inform him and his client that MDG Powerline was not opposing the requested fee reduction, and to ask if they would agree to the joint submission of an Agreed Order and Judgment on attorneys' fees.

In response to this proposal, Seven Stars raised a new issue that was not raised anywhere in its Response. Seven Stars claimed for the first time that it believed that MDG Powerline had not in fact incurred the attorneys' fees and costs referenced in the Fee Motion, and that the undersigned counsel instead received "a fixed retainer amount."[1] *See* Exhibit A, attached. In essence, Seven Stars was asserting that the verified Fee Motion and Mr. Hiaasen's declaration were false, and that the billing records attached to the Fee Motion and declaration were fraudulent.

Mr. Sakalo repeatedly assured Seven Stars' counsel as an officer of the Court (and as the counsel who verified the Fee Motion under penalty of perjury) that MDG Powerline's counsel in this matter were not on a "fixed retainer," that the representation was a "purely hourly" engagement, that MDG the billing records attached to the Fee Motion were genuine, and that the fees sought in the Fee Motion had actually been incurred. *See* Exhibit B.

---

[1] This whole needless episode appears to arise from a misunderstanding of a conversation between Seven Stars' principal, Jens Berding, and one of MDG Powerline's principals, who apparently made reference to *another* law firm on retainer that MDG Powerline considered utilizing as counsel (but ultimately did not) in discussing a separate eviction action now pending in Broward Circuit Court. Mr. Sakalo explained this misunderstanding to Seven Stars' counsel, but this has not dissuaded Seven Stars from pursuing discovery or this Motion.

3

But this was not good enough for Seven Stars: It then served MDG Powerline with discovery requests demanding "any and all retainer agreements,"[2] along with "any and all invoices or bills reflecting" MDG Powerline's legal expenses – which of course were previously attached to MDG Powerline's Fee Motion and served to Seven Stars.[3] *See* ECF No. 295 at 8; *see also* ECF No. 258, Exs. 3D & 3F.  These discovery requests were followed minutes later by Plaintiff's Motion to expedite discovery.[4]

Surely the irony of the situation is not lost on the Court: After accepting a **33 percent** reduction of its attorneys' fees in an effort to avoid the additional cost of a protracted fee dispute, MDG Powerline is nevertheless getting dragged into needless litigate over its fees – and, to add insult to injury, it has been served with additional ***discovery*** on attorneys' fees.

The Court should put a stop to Seven Stars' gamesmanship once and for all and deny its Motion, quash its discovery requests, and enter Final Judgment in favor of MDG Powerline as requested in its Reply in Support of its Motion for Attorneys' Fees.

---

[2] While MDG Powerline has an agreement with Bilzin Sumberg for representation in the bankruptcy proceedings (at an hourly rate), it does not have a retainer agreement with Coffey Burlington, which billed for most of the fees in the Fee Motion.

[3] Due to a software billing issue, Bilzin Sumberg's billing records were not attached to the Fee Motion.  On April 6, 2022, Bilzin Sumberg's billing records in the adversary proceeding were filed with the Court.  *See* ECF No. 298. Thus, all billing records supporting MDG Powerline's Fee Motion have now been provided to Seven Stars.

[4] Seven Stars has also demanded "documents that evidence payment by MDG Powerline Holdings, LLC or for its benefit and which payment was made to its legal counsel."  ECF No. 295 at 12.  This discovery request is wholly inappropriate.  The amount that MDG Powerline has paid to its counsel to date is irrelevant to MDG Powerline's entitlement to recover fees from Seven Stars (which, again, is uncontested).  *See, e.g., Alhassid v. Bank of America, N.A.*, 2015 WL 11110557, at *7 n.5 (S.D. Fla. Nov. 4, 2015) (noting that "[t]o the extent that Plaintiff has not yet paid her attorney, Plaintiff's affidavit serves as evidence of the liability owed to [counsel] at the conclusion of the proceedings"); *Key West Tourist Dev. Ass'n v. Zazzle, Inc.*, 2013 WL 12248141, at *6 n.15 (S.D. Fla. Jan. 9, 2013) (entering order awarding attorneys' fees to Plaintiff though Plaintiff "has not yet paid" counsel's fees).

## ARGUMENT

As a threshold matter, Seven Stars' Motion should be denied because there is literally ***no contested issue before the Court***, as MDG Powerline has ***agreed*** to the one-third reduction of its attorneys' fees requested by Seven Stars – a request that Seven Stars has not withdrawn, despite its sudden and untimely demand for discovery on the attorneys' fee issue. With no contested issue before the Court, Seven Stars has no need for any additional discovery, and its Motion should be denied.

Attorneys' fees motions are governed by Fed. R. Civ. P. 58, which is applicable in this adversary proceeding pursuant to Fed. R. Bankr. P. 7058. As stated in the comments to the Rule, "on ***rare occasion***, the court may determine that discovery under Rules 26-37 would be useful to the parties." Comment Fed. R. Civ. P. 58 (emphasis added). This is not one of those occasions.

It is well established that a "request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). For these reasons, courts commonly decline to allow parties to propound additional discovery to address a motion for attorneys' fees. *See, e.g., Wachovia Bank v. Tien*, 2015 WL 10911506, at *1 (S.D. Fla. Apr. 7, 2015) (denying additional discovery on fees because it "would result in a second major litigation and further prolong this already lengthy proceeding"); *Silver v. Tenet Healthcare Corp.*, 2014 WL 12167305, at *1 (S.D. Fla. Feb. 27, 2014) (noting that "discovery related to attorney's fees is not necessary or usual in federal court" and denying motion to compel discovery prior to ruling on attorneys' fees). In this case, the "second major litigation" that Seven Stars apparently seeks to initiate is particularly pointless, because – this bears repeating – there is no contested issue regarding attorneys' fees pending before the Court.

5

As discussed above, Seven Stars ***did not dispute*** MDG Powerline's entitlement to attorneys' fees in its Response to the Fee Motion, nor did it challenge the veracity of the Fee Motion or the attached sworn declaration, or the authenticity of the billing records attached to the Fee Motion.  *See* ECF No. 294.  Thus, Seven Stars has waived any potential objections on these grounds based on its failure to timely raise them.  *See, e.g., Aqua Massage Int'l, Inc. v. Licht*, 2005 WL 8136511, at *2 (S.D. Fla. Mar. 11, 2005) (defendant waived objections to specific amount of attorneys' fees by failing to raise them in response to fee motion); *Tropical Paradise Resorts, LLC v. JBSHBM, LLC*, 2021 WL 2024424, at *1 (S.D. Fla. May 21, 2021) ("it is well established that arguments that are not raised are waived").  If Seven Stars really believed that MDG Powerline's counsel was attempting to mislead the Court with fraudulent billing records and false declarations, it should have said so in response to the Fee Motion.  Having failed to do so, Seven Stars cannot be heard to complain now – after MDG Powerline agreed to reduce its fees by the amount Seven Stars has requested.

In sum, there is simply no reason for this Court to even allow discovery – let alone expedited discovery – in this matter.  Seven Stars' substantive claims have been defeated at summary judgment, and MDG Powerline's entitlement to attorneys' fees is undisputed.  The parties have agreed on the amount of fees that MDG Powerline may recover.  There is no contested issue before the Court.  Seven Stars is simply attempting to manufacture an issue in a transparent attempt to delay or avoid a judgment awarding MDG Powerline its attorneys' fees.  The Court should put a stop to Seven Stars' games.  Seven Stars' Motion to Shorten Time for Production [ECF No. 295] should be denied, the discovery requests should be quashed, and the Court should enter the proposed Judgment attached to MDG Powerline's Reply in Support of its Motion for Attorneys' Fees.

Dated: April 7, 2022.                    Respectfully submitted,

                                              BILZIN SUMBERG BAENA
PRICE & AXELROD LLP
1450 Brickell Avenue, 23rd Floor
Miami, Florida 33131
(305) 374-7580
By:     /s/ *Jay M. Sakalo*
      Jay M. Sakalo
      Fla. Bar No. 156310

                   and

**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse One
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261

By:     *s/Scott Hiaasen*
Susan E. Raffanello, Florida Bar No. 676446
sraffanello@coffeyburlington.com
Scott A. Hiaasen, Florida Bar No.: 103318
shiaasen@coffeyburlington.com
lmaltz@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com

*Counsel for Defendant MDG Powerline Holdings, LLC*

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on April 7, 2022, on all counsel or parties of record on the below/attached Service List.

    *s/Jay Sakalo*

## Service List

Kathleen A. Daly, Esq.
*Counsel for Debtor/Plaintiff*
Law Office of Kathleen A. Daly, P.A.
515 North Flagler Drive
Suite P300
West Palm Beach, Florida 33401
Tel: 561-293-8514
kdaly@kadalylaw.com

Gary Brookmyer, Esq.
*Counsel for Debtor/Plaintiff*
Brookmyer, Hochman, Probst
& Jonas, P.A.
800 Village Square Crossing
Suite 201
Palm Beach Gardens, Florida 33410
Tel: 561-624-2110
gary@brookmyerlaw.com

Kai Jacobs, Esq.
*Counsel for XBK Management LLC*
Kai Jacobs, P.A.
2222 Ponce de Leon Blvd.
Coral Gables, Florida 33134
Tel: 305-768-9846
kj@sflblg.com
assistant@sflblg.com

# **EXHIBIT A**

MIAMI 9373333.1 84482/88966

## BSBPA eService

| | |
|---|---|
| **From:** | Jay M. Sakalo |
| **Sent:** | Tuesday, March 29, 2022 5:41 PM |
| **To:** | Gary Brookmyer |
| **Cc:** | Scott A. Hiaasen |
| **Subject:** | RE: Seven Stars [IMAN-MIAMI.FID1341003] |

Gary –

As an officer of the court, I can represent and confirm the legal representations are pure hourly matters in accordance with sworn affidavits signed by our firm and Coffey Burlington.

Thank you,
Jay

---

**Bilzin Sumberg**

Jay M. Sakalo
Practice Group Leader, Corporate, Finance & Restructuring
**Bilzin Sumberg Baena Price & Axelrod LLP**
1450 Brickell Avenue, 23rd Floor
Miami, Florida 33131
www.bilzin.com

Tel 305.375.6156
Cell 786.247.1666
Direct Fax 305.351.2253
jsakalo@bilzin.com

---

**From:** Gary Brookmyer <gary@brookmyerlaw.com>
**Sent:** Tuesday, March 29, 2022 2:34 PM
**To:** Jay M. Sakalo <jsakalo@bilzin.com>
**Subject:** Seven Stars

Client questions whether MDG pays hourly or has a fixed retainer amount. He has heard the latter and before committing to anything, he would like to see the Retainer Agreement. Please advise.

### AS OF JANUARY 28, 2021, OUR NEW ADDRESS IS

Gary Brookmyer, Esq.
Brookmyer, Hochman, Probst & Jonas, P.A.
800 Village Square Crossing
Suite 201
Palm Beach Gardens, FL 33410

1

```
TELEPHONE:  (561) 624-2110
EMAIL: GARY@BROOKMYERLAW.COM




                Gary Brookmyer
                  ATTORNEY AT LAW




        BROOKMYER, HOCHMAN, PROBST & JONAS, P.A.
          800 VILLAGE SQUARE CROSSING, SUITE 201
             PALM BEACH GARDENS, FL 33410
```

**CAUTION:** Please be aware of the increase in cybercrime and fraud. Bilzin Sumberg personnel will not ordinarily provide wire transfer or other payment instructions by email relating to the payment of Bilzin Sumberg invoices or advance fee deposits. Although payment instructions may be provided by email in connection with client matters such as closings, please contact us to obtain verbal verification prior to initiating any payments.

---

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply e-mail or reply to info@bilzin.com, and delete the message. Thank you very much.

# **EXHIBIT B**

MIAMI 9373333.1 84482/88966

**BSBPA eService**

| | |
|---|---|
| **From:** | Jay M. Sakalo |
| **Sent:** | Friday, April 1, 2022 10:07 AM |
| **To:** | Gary Brookmyer |
| **Cc:** | Scott A. Hiaasen |
| **Subject:** | RE: MDG Powerline [IMAN-MIAMI.FID1341003] |

Gary –

The invoices were attached to the fee motion. Again, I am representing to you this engagement is nothing but a pure hourly payment and there is no fixed retainer.

As for the fees sought, both Coffey Burlington's fees and Bilzin Sumberg's fees relate to the adversary proceeding and none of them have been paid by the debtor/tenant at any time. The payment in the bankruptcy case was a cure amount under the lease and included bankruptcy-only (not adversary proceeding) fees.

We intend to file a response accepting the 2/3 proposal in your objection to the fee motion. However, it would be simpler for everyone if we did so with an agreed order.

Jay

Jay M. Sakalo
Practice Group Leader, Corporate, Finance & Restructuring
**Bilzin Sumberg Baena Price & Axelrod LLP**
1450 Brickell Avenue, 23rd Floor
Miami, Florida 33131
www.bilzin.com

Tel 305.375.6156
Cell 786.247.1666
Direct Fax 305.351.2253
jsakalo@bilzin.com

**From:** Gary Brookmyer <gary@brookmyerlaw.com>
**Sent:** Wednesday, March 30, 2022 10:36 AM
**To:** Jay M. Sakalo <jsakalo@bilzin.com>
**Subject:** MDG Powerline

Jay:   My client would still like to see the Retainer Agreement and invoices. He advises that Mr. Dezer informed him that your firm was on a fixed retainer and he needs some evidence to the contrary. My client further advises that about $20,000 was paid in rental late fees but then (after payment was made to your firm) was forgiven. Were these funds applied to any outstanding balance owed to your firm and accounted for?

**AS OF JANUARY 28, 2021, OUR NEW ADDRESS IS**

Gary Brookmyer, Esq.

1

Brookmyer, Hochman, Probst & Jonas, P.A.
800 Village Square Crossing
Suite 201
Palm Beach Gardens, FL 33410

```
TELEPHONE: (561) 624-2110
EMAIL: GARY@BROOKMYERLAW.COM


              Gary Brookmyer
                ATTORNEY AT LAW


        BROOKMYER, HOCHMAN, PROBST & JONAS, P.A.
         800 VILLAGE SQUARE CROSSING, SUITE 201
              PALM BEACH GARDENS, FL 33410
```

**CAUTION:** Please be aware of the increase in cybercrime and fraud. Bilzin Sumberg personnel will not ordinarily provide wire transfer or other payment instructions by email relating to the payment of Bilzin Sumberg invoices or advance fee deposits. Although payment instructions may be provided by email in connection with client matters such as closings, please contact us to obtain verbal verification prior to initiating any payments.

---

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply e-mail or reply to info@bilzin.com, and delete the message. Thank you very much.