UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

IN RE:

SEVEN STARS ON THE HUDSON　　　　　　　　CASE NO: 20-19106-SMG
CORPORATION, d/b/a ROCKIN'JUMP

　　　　　Debtor,
_____/

SEVEN STARS ON THE HUDSON　　　　　　　　ADVERSARY NO.: 19-01230-SMG
CORPORATION, d/b/a ROCKIN'JUMP

　　　　　Plaintiff,

v.

MDG POWERLINE HOLDINGS, LLC,
and XBK MANAGEMENT LLC, d/b/a
XTREME ACTION PARK,

　　　　　Defendants.
_____/

### DEFENDANT MDG POWERLINE HOLDINGS, LLC'S REPLY IN SUPPORT OF VERIFIED MOTION FOR ATTORNEYS' FEES AND NONTAXABLE COSTS

Defendant MDG POWERLINE HOLDINGS, LLC ("MDG Powerline"), by and through undersigned counsel, submits its Reply in Support of its Verified Motion for Attorneys' Fees and Nontaxable Costs.

MDG Powerline has moved for an award of $343,518.00 in attorneys' fees and $9,141.23 in nontaxable costs incurred in its successful defense against all of Plaintiff's claims.[1] *See* ECF

---

[1] A bill of taxable costs in the amount of $10,436.42 was previously entered by the court clerk. *See* ECF No. 270.

1

No. 258 at 13.  In its Response to MDG Powerline's Motion, Plaintiff Seven Stars on the Hudson Corp. ("Seven Stars") concedes that MDG Powerline is entitled to recover its attorneys' fees and nontaxable costs for the reasons advanced in the Motion.  *See* ECF No. 294 ¶ 1.  Significantly, Seven Stars does not question the reasonableness of the hourly rates charged by the attorneys representing MDG Powerline in this matter, either.  *Id.*

Rather, Seven Stars complains in its Response that (1) the billing records submitted in support of MDG Powerline's Motion constitute "block billing," and (2) MDG Powerline's attorneys billed for "administrative" tasks.  *Id.*  Seven Stars also implies, but never quite says, that some 23 time entries – out of the *21 pages* of time entries submitted by MDG Powerline in support of its Motion – were unreasonable or excessive.  *See Id.* ¶ 3(a)-(w); ECF No. 258, Ex. 3D.  In its Response, Seven Stars requests an "across the board" reduction of MDG Powerline's fees – and essentially concedes that an award equal to two-thirds of the fees requested would be reasonable.  *Id.*

Seven Stars asserts in its Response that it is "unrealistic" for the Court – or for Seven Stars, apparently – to review and identify all of the time entries it deems objectionable.  Seven Stars misunderstands the law. "Because reducing the hours claimed requires the court's precision, the law in this circuit commands that both the proof of the hours spent in litigation ***and any corresponding objections*** posed be voiced with a similar exactitude." *Duckworth v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. 1996) (emphasis added).  *See also American Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("objections and proof from fee opponents concerning hours that should be excluded must be specific and reasonably precise").  Seven Stars' vague objections to a small subset of time entries is woefully inadequate to justify the drastic fee reduction it seeks in its Response.

2

Seven Stars also sweeps with too broad a brush in dismissing all of MDG Powerline's time entries as "block billing." "The mere fact that an attorney has included more than one task in a single billing entry is not, in itself, evidence of impermissible block-billing. When those tasks are intertwined, including a thorough description of the activities performed clarifies, rather than obscures, the record." *Zendejas v. Redman*, 2019 WL 1429403, at *1 (S.D. Fla. Mar. 27, 2019) (quoting *Williams v. R.W. Cannon, Inc.*, 657 F.Supp.2d 1302, 1312 (S.D. Fla. 2009)). Moreover, "[a]s a general proposition block billing is not prohibited so long as the Court can determine from the time entry the services that were performed." *Id.* MDG Powerline submits that its time entries are sufficiently detailed and specific such that the Court could determine the services performed – and further find that all the fees sought by MDG Powerline were reasonable and necessary to defend this action.

Nevertheless, MDG Powerline recognizes that, under the law of this Circuit, a trial court reviewing a fee application may make an "across the board" reduction in fees where the fee documentation is "voluminous." *See Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994). While MDG Powerline maintains that Seven Stars has failed to raise or identify specific objections sufficient to merit a one-third "across the board" reduction in its attorneys' fees, MDG Powerline will agree to a judgment reflecting a reduction of its attorneys' fees by that amount in order to put this matter to rest without incurring additional litigation expenses.[2]

Accordingly, based on the representations made by Seven Stars in its Response, and for the reasons stated above and in its Motion, MDG Powerline respectfully requests that the Court

---

[2] MDG Powerline reserves the right to pursue the entirety of its fee claim in the event that Seven Stars were to withdraw its Response to the Fee Motion, or otherwise change its position or attempt to raise additional challenges to MDG Powerline's fee application.

3

grant MDG Powerline's Motion for Attorneys' Fees in part and enter a Final Judgment in favor of MDG Powerline awarding:

1. $229,012.00 in attorneys' fees as the prevailing party in this action;

2. $9,141.23 in nontaxable costs; and

3. $10,436.42 in taxable costs.[3]

Attached as Exhibit A to this Reply is a proposed Final Judgment reflecting these uncontested attorneys' fees and costs for MDG Powerline.

Dated: April 7, 2022

Respectfully submitted,

BILZIN SUMBERG BAENA
PRICE & AXELROD LLP
1450 Brickell Avenue, 23rd Floor
Miami, Florida 33131
(305) 374-7580
By:  /s/ *Jay M. Sakalo*
        Jay M. Sakalo
        Fla. Bar No. 156310

and

**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse One
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261

By:  *s/Scott Hiaasen*
Susan E. Raffanello, Florida Bar No. 676446
sraffanello@coffeyburlington.com
Scott A. Hiaasen, Florida Bar No.: 103318
shiaasen@coffeyburlington.com
lmaltz@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com

*Counsel for Defendant MDG Powerline Holdings, LLC*

---

[3] *See* ECF No. 270, Bill of Costs.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on April 7, 2022, on all counsel or parties of record on the below/attached Service List.

                                       *s/Jay Sakalo*

## Service List

Kathleen A. Daly, Esq.
*Counsel for Debtor/Plaintiff*
Law Office of Kathleen A. Daly, P.A.
515 North Flagler Drive
Suite P300
West Palm Beach, Florida 33401
Tel: 561-293-8514
kdaly@kadalylaw.com

Kai Jacobs, Esq.
*Counsel for XBK Management LLC*
Kai Jacobs, P.A.
2222 Ponce de Leon Blvd.
Coral Gables, Florida 33134
Tel: 305-768-9846
kj@sflblg.com
assistant@sflblg.com

# **EXHIBIT A**

MIAMI 9373609.1 84482/88966

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:

SEVEN STARS ON THE HUDSON             CASE NO:  19-17544-SMG
CORPORATION, d/b/a ROCKIN'JUMP

     Debtor,
_____/

SEVEN STARS ON THE HUDSON             ADVERSARY NO.:  19-01230-SMG
CORPORATION, d/b/a ROCKIN'JUMP

     Plaintiff,

v.

MDG POWERLINE HOLDINGS, LLC,
and XBK MANAGEMENT LLC, d/b/a
XTREME ACTION PARK,

     Defendants.
_____/

## [PROPOSED] FINAL JUDGMENT FOR DEFENDANT MDG POWERLINE HOLDINGS, LLC'S ATTORNEYS' FEES AND COSTS

Pursuant to the Court's Order granting in part Defendant MDG Powerline Holdings, LLC's Verified Motion for Attorneys' Fees and Nontaxable Costs [ECF No. 258] and its Bill of Taxable Costs [ECF No. 270], Final Judgment is entered by this Court in favor of Defendant MDG Powerline Holdings, LLC, and against Plaintiff Seven Stars on the Hudson Corporation as follows:

IT IS ADJUDGED that MDG POWERLINE HOLDINGS, LLC, at the address of 18001 Collins Avenue, 31st Floor, Sunny Isles Beach, Florida 33160, shall recover from SEVEN STARS ON THE HUDSON CORPORATION, at the address of 2108 N.E. 63rd Street, Fort Lauderdale, Florida 33308, the sum of $248,589.65, that shall bear interest in accordance with 28 U.S.C. § 1961 from the date of this Judgment until the date this amount is paid, for which let execution issue forthwith.

###

**Submitted By:**
Jay M. Sakalo
Florida Bar No. 0156310
**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33134
Telephone: (305) 374-7580
Facsimile: (305) 351-2253
E-mail: jsakalo@bilzin.com

**Copies furnished to:**
Jay M. Sakalo, Esq.
[Attorney Sakalo is hereby directed to serve a copy of this Order upon all parties in interest and to file a certificate of service of same.]