UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

In re:

SEVEN STARS ON THE HUDSON
CORPORATION, d/b/a ROCKIN' JUMP                    Case No. 20-19106 - SMG
                                                   Chapter 11

             Debtor,
_____/

SEVEN STARS ON THE HUDSON                          Adversary Proceeding
CORPORATION, d/b/a ROCKIN' JUMP,                   No. 19-01230
A
             Plaintiff

v.

MDG POWERLINE HOLDINGS, LLC                        **EMERGENCY MOTION**
AND XBK MANAGEMENT LLC,
d/b/a XTREME ACTION PARK,


             Defendants.

_____

## MOTION FOR STAY OF EXECUTION OF JUDGMENT

     Appellant-Plaintiff, Seven Stars on the Hudson Corporation ("Plaintiff" or "Seven Stars"),

by and through its undersigned counsel and pursuant to Federal Rule of Bankruptcy Procedure

8007 and Federal Rule of Civil Procedure 62 made applicable herein by Bankruptcy Rule 7062,

hereby files this Motion to stay execution of the money judgment based on a weighing of the

necessary factors, or, alternatively, Seven Stars seeks to have this Court consider security other

than a supersedeas bond in the full amount of the judgment as specified in Federal Rule of Civil Procedure 62(d).  A proposed order is attached to this notice and motion as Exhibit A.

      1.      On January 28, 2022, this Court granted the motions for summary judgement of defendants MDG Powerline Holdings, LLC ("Landlord") and XBK Management, LLC d/b/a Xtreme Action Park ("Xtreme").  *See* DE # 234

      2.      On January 31, 2022, a judgment was entered in favor of the Defendants dismissing the claims contained in the Second Amended Complaint.  DE # 241.

      3.      On February 7, 2022, Plaintiff filed its Notice of Appeal from the Final Judgment, which was later amended on February 14, 2022.  See DE # 246 and 257.

      4.      On February 14, 2022, Defendants each filed its motion for attorneys' fees together with supporting materials.  See DE # 255, 258, 259, 260, 261.

      5.      On March 21, 2022, Seven Stars filed its response and objections to each of the motions for attorney fees.  See DE # 293.

      6.      On March 25, 2022, the Landlord filed its reply on the motion for attorneys' fees. See DE # 300 and 301.

      7.      On April 21, 2022 a hearing was held on, *inter alia*, the two motions for attorneys' fees and by order filed on April 26, 2022, this Court awarded the Landlord $229,012.00 in reasonable attorneys' fees as the prevailing party in this action and $9,141.23 in nontaxable costs, in addition to the $10,436.42 in taxable costs previously awarded in the Clerk's Bill of Costs.  See DE # 304.

      8.      By separate order entered on April 26, 2022, this Court stayed Defendant Xtreme's motion for attorneys' fees pending disposition of the appeal.  DE # 304.

9.      A final judgment in favor of the Landlord on its motion for attorney fees and costs was entered on May 3, 2022 (the "Landlord Judgment").  See DE # 311.

10.      On May 10, 2022, Seven Stars filed its notice of appeal from the final judgment in favor of the Landlord on its motion for attorney fees.

**Point I**

**AN INJUNCTION OR STAY
PENDING APPEAL IS WARRANTED**

11.      This Court is empowered under Rule 62(c) of the Federal Rules of Civil Procedure, made applicable herein under Bankruptcy Rule 7062 to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

12.      In determining whether a discretionary stay is appropriate, the four-factor test set forth in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) applies.  These factors are:  (i) whether the appellant has made a showing that he is likely to succeed on the merits; (ii) whether the applicant will be irreparably harmed absent a stay; (iii) whether the issuance of a stay will substantially injure the other parties in the proceedings; and (iv) whether the public interest would be served by a stay.

13.      While it is generally acknowledged that the first factor, likelihood of success on the merits, is the most important, it need not require a showing of "probability" of success.   Rather, the showing required is one where a serious legal issue presented and the balance of the remaining equitable factors favor a stay.  *See Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).  It is important to note that the moving party, Seven Stars, is not required to persuade this Court that it is likely to be reversed on appeal; only that the appeal raises serious and difficult legal questions of law in an area where the law is not altogether clear.

14.     In this case, Seven Stars has appealed the issue of whether this Court properly prevented Seven Stars from conducting expert discovery in light of the fact that the Court approved litigation funding (which included costs for experts) even though the Appellant did not designate a witness by April 6, 2021 (under the second amended scheduling order) and whether this was an appropriate exercise of discretion given that there was no finding that the Appellant or its counsel flagrantly disregarded court orders. It is also submitted that in this case, the Court's order runs counter to the general rule that courts prefer to rule on the merits of cases before them.  In this case, its is respectfully submitted that Seven Stars was dependent on an expert to assist it with the damages analysis and that the Court was well aware of this.  In fact, in approving the litigation funding, this Court properly acknowledged in approving the funding, that it was an appropriate exercise of Seven Stars business judgment to enter into such an agreement "given its cash position, its financial circumstance, and the history of this case."  *See Collins v. United States*, 2010 WL 4643279 (M.D. Fla. Nov. 9, 2010) (while finding neither substantial justification or harmlessness, the court nevertheless did not exclude the late-filed expert report"); *see also Durden v. Citicorp Trust Bank, FSB*, 2008 WL 11318338, at *6 (M.D. Fla. Nov. 25, 2008)(refusing to exclude testimony of plaintiff's only expert despite plaintiff's failure to produce an expert witness report before the close of discovery); *In re Complaint of C.F. Bean, L.L.C.*, 841 F.3d 365, 373 (5ᵗʰ Cir. 2016)("[w]e have reversed the district court in several other cases where the excluded testimony is similarly essential")(citations omitted).

15.     The Appellant submits that it will suffer irreparable harm if a stay is not imposed. Stated another way, absent a stay of enforcement, Seven Stars' business will be lost—notwithstanding that this Court already found that there was merit to some of its claims.  The judgment has the potential for destroying Seven Stars' business.  Moreover, and as explained

below, the continued operation of its business also ensures that the other creditors in this case are paid.  If the Landlord succeeds in enforcing this judgment, a win on an appeal will be a little more than a hollow victory.  The one thing that this Bankruptcy case has shown is that Seven Stars has always met its obligations to the Landlord except for a brief period of a Covid-forced closure. Seven Stars was able to emerge from bankruptcy and has been paying its debts consistently. Execution of this judgment now will surely end this.

16.     In terms of the balancing of the equities, Seven Stars submits that they weigh in favor of imposing a stay of execution of the judgment pending the appeal.    The continued operation of Seven Stars ensures that the business continues as a going concern; that it serves the surrounding community and employs members of that community.  The Landlord will not be harmed as the continuation of Seven Stars will also ensure that its obligations to the Landlord are met.  Even if Appellant were to lose, the Landlord will still be able to enforce its judgment.

17.     Upon weighing all the factors, this Court should determine that they favor the imposition of a stay pending the outcome of the appeals process.

**Point II**

**THE JUDGMENT FOR ATTORNEY FEES IMPOSES AN UNDUE FINANCIAL BURDEN ONSEVEN STARS AND REQUIRING A BOND IN THE AMOUNT OF THE JUDGMENT DOES NOT PROTECT SEVEN STARS INTERESTS**

18.     To the extent that this Court is not inclined to find that a stay is warranted in a balancing of the equities, Seven Stars requests that the supersedeas bond requirement be dispensed with for the reasons set forth below.

19.     Seven Star recognizes that the general way of obtaining a stay pending an appeal is by the posting of supersedeas bond.  However, there are two exceptions that obviate the need to post a bond pending an appeal.  Those exceptions are "(a) where the party's ability to pay the

judgment is so plain that the cost of the bond would be a waste of money, or (b) where the requirement would put a party's other creditors in undue jeopardy." *Engineered Tax Services, Inc. v. Scarpelo Consulting, Inc*., 2018 WL 5801054 * 1 (S.D. Fla. Nov. 6, 2018).

20.     The final judgment for attorneys' fees and costs in the amount of $248,589.65 plus post judgment interest at the statutory rate will not only pose an undue financial burden on Seven Stars, but more importantly, have a detrimental effect on other creditors, including Wells Fargo.[1]The amount of the judgment exceeds the assets of Seven Stars.  *See* Declaration of Jens Berding.  Moreover, requiring Seven Stars to post a supersedeas bond in these circumstances does not serve the purposes of a supersedeas bond in that it would threaten the viability of Seven Stars' business where it is now able to pay its other creditors.  In short, this is an instance with a risk of "satisfying the judgment only to find that restitution is impossible after reversal on appeal.  *Poplar Grove Planting & Ref. Co., v. Bache Halsey Stuart, Inc*., 600 F.3d 1189, 1191 (5th Cir. 1979),

21.     As noted by the Court in *Poplar Grove*, the purpose of a bond is not to penalize a party from pursuing an appeal.  "If a defendant has to liquidate all or a substantial part of his business in order to exercise the right to appeal, then the appeal may surely be of doubtful value". *Trans World Airlines, Inc. v. Hughes*, 515 F.2d 173, 178 (2d Cir. 1975); *Texaco Inc. v. Pennzoil Co*., 784 F.2d 1133, 1152-53 (2d Cir. 1986)(Court held that the judgment debtor would be irreparably harmed if full bond, which was impossible to obtain was required in order to stay execution where execution would force judgment debtor into bankruptcy, noting due process and other concerns), *rev'd on other grounds*, 481 U.S. 1 (1987).

---

[1]     The actual amount of a bond is 110 percent of the judgment amount or $273,448.62.  See Local Rule 62.1(a) for the southern district of Florida.  This Rule also provides that the Court has discretion to set another amount. See id, Rule 62.1(a).

22.     While Seven Stars is now operating outside of bankruptcy and paying its bills as they become due, the execution of the judgment will have a calamitous effect on its other creditors. As explained by Mr. Berding in his sworn Declaration, Seven Stars has a number of other creditors that will be detrimentally impacted if the Landlord is permitted to execute against Seven Stars assets—principally its revenue from operation. Right now, Seven Stars owes other creditors as follows: 1) Wells Fargo, a secured claim of $480,089.03 and an unsecured claim of $923,726.10. Its monthly payment obligation is $5,571.56 per month which it pays from the revenue generated by the Park; 2) Exit Bankruptcy creditors – a total of $225,000; 3) Broward County, $13,192.37

23.     In lieu of a bond, Seven Stars is willing to stipulate to an injunction that would prohibit it or its principals, Jens Berding and Eddy Manza-Berding, during the pendency of any appeal, from selling, transferring or otherwise disposing of any assets subject only to any assets/income needed to operate the business.  When alternative security can accomplish this same goal of protecting the judgment creditor, courts have approved a variety of alternative forms of security. *See, e.g., United States v. Loftis*, 2009 WL 10678613 (N.D. Tex. Aug. 3, 2009)(" "if a judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court ... is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor")(*quoting Poplar Grove*, 600 F.2d at 1191).

WHEREFORE, for the foregoing reasons, Seven Stars requests that this Court grant a stay based on a finding that in the balancing of the equities set forth in Point I justifies such a stay. Alternatively, if the Court is not inclined to grant a stay based on the balancing of the equities, it respectfully requests that it consider a form of security as set forth above as a substitute for a bond.

Respectfully submitted,


_____/s/ Kathleen A. Daly_____
Kathleen A. Daly

Fla. Bar. No. 112438
LAW OFFICE OF KATHLEEN A. DALY, P.A.
515 N. Flagler Dr., Ste. P300
West Palm Beach, FL 33401
Tel: (561) 293-8514/(917) 301-2437
Fax No.      (800) 395-8692
Email: kdaly@kadalylaw.com

*Attorneys for the Appellant*

*Seven Stars on the Hudson Corporation*