UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:

SEVEN STARS ON THE HUDSON
CORPORATION, d/b/a ROCKIN'JUMP

CASE NO: 20-19106-SMG

      Debtor,

_____/

SEVEN STARS ON THE HUDSON
CORPORATION, d/b/a ROCKIN'JUMP

ADVERSARY NO.: 19-01230-SMG

      Plaintiff,

v.

MDG POWERLINE HOLDINGS, LLC,
and XBK MANAGEMENT LLC, d/b/a
XTREME ACTION PARK,

      Defendants.

_____/

**DEFENDANT MDG POWERLINE HOLDINGS, LLC'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR STAY OF EXECUTION OF JUDGMENT**

Defendant MDG POWERLINE HOLDINGS, LLC ("MDG Powerline"), by and through undersigned counsel, hereby submits its Response to Plaintiff's Emergency Motion for Stay of Execution of Judgment [ECF No. 324], and states as follows:

After fundamentally agreeing to the entry of a judgment on MDG Powerline's fee award just a few weeks ago, while its appeal of the underlying Final Judgment on the merits was pending, Plaintiff Seven Stars on the Hudson Corporation ("Seven Stars") now files a so-called

MIAMI 9510461.1 84482/88966

1

"emergency"[1] motion for a stay of execution of this judgment. But Seven Stars has not identified any "emergency" other than its longstanding financial struggles – an issue with which the Court is more than familiar after overseeing not one but two Seven Stars bankruptcy actions. Just as it claimed that its poor finances were a license to ignore the Court's Scheduling Order, Seven Stars now asserts that it cannot satisfy the fee judgment – and uses this as an excuse to both stay execution on the judgment *and* avoid posting a bond to secure the judgment amount. Seven Stars fails to articulate any credible argument for this extraordinary relief.

At the outset, it should be noted that Seven Stars only seeks a stay of a judgment awarding attorneys' fees and costs to MDG Powerline, though courts of this district generally decline to stay "matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals." *King Cole Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 2010 WL 3212091, at *1 (S.D. Fla. Aug. 12, 2010). Seven Stars' serial appeals in this case, *see Seven Stars on the Hudson Corp. v. MDG Powerline Holdings, LLC, et al.*, Case No. 22-CV-60299-RAR and *Seven Stars on the Hudson Corp. v. MDG Powerline Holdings, LLC, et al.*, Case No. 22-CV-60891-RS, illustrate the wisdom of this rule.

Seven Stars' arguments turn the law on its head. Its Motion should be denied.

## ARGUMENT

I.   A STAY PENDING APPEAL IS NOT WARRANTED

"A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant." *In re Sanders*, 544 B.R. 463, 466-67 (Bankr. S.D. Fla. 2016).

---

[1] Seven Stars' "Emergency" Motion completely disregards Local Bankruptcy Rule 9075-1, which requires the moving party to state "the reason for the exigency" and provide a "certification that the proponent has made a bona fide effort to resolve the matter without a hearing." For this reason alone, the Motion should be denied.

MIAMI 9510461.1 84482/88966

"In determining whether to grant a stay pending appeal, courts should determine whether a movant has adequately demonstrated four necessary factors: (i) that the movant is likely to prevail on the merits of its appeal; (ii) that the movant will suffer irreparable injury if a stay or other injunctive relief is not granted; (iii) that other parties will suffer no substantial harm if a stay or other injunctive relief is granted; and (iv) in circumstances where the public interest is implicated, that the issuance of a stay or other injunctive relief will serve, rather than disserve, such public interest." *Id.* at 467. Significantly, "[t]he moving party must show satisfactory evidence on **all four criteria**, and the failure to satisfy one prong is fatal to the motion." *Id.* (emphasis added).

Seven Stars cannot demonstrate *any* of these factors.

### A. Seven Stars Cannot Show a Substantial Likelihood of Success on the Merits or a "Serious Legal Question"

"The moving party's likelihood of prevailing on the merits of its appeal is generally the most important of the four criteria identified above, and the Court must ordinarily find that the appealed decision was clearly erroneous." *Id*. at 467-68. Seven Stars' appeal of the final judgment on its claims is facially meritless: The Court's order granting summary judgment, and its order denying Seven Stars' motion to extend discovery deadlines were not "clearly erroneous."

Seven Stars principally argues on appeal that this Court abused its discretion in denying its motion to extend the expert discovery deadline (for the third time) after Seven Stars failed to submit a timely expert report under the Court's Scheduling Order. However, Seven Stars cited **no authority** before this Court for its argument that a plaintiff's lack of funds to hire an expert constitutes "good cause" to modify a scheduling order – and Seven Stars cites no authority for this proposition in its appeal, either. Moreover, the Eleventh Circuit has "often held that a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, 5 F.4th 1235, 1243 (11th Cir. 2021)

MIAMI 9510461.1 84482/88966

3

(quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011)). *See also Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1349 (11th Cir. 2004) ("Given the wide latitude the district court has to exclude untimely submissions, we cannot say that it abused its discretion to exclude this [expert] report"). Given this binding precedent, and the absence of any legal authority supporting its position, Seven Stars cannot credibly argue that the Court's denial of its untimely motion to extend the discovery deadlines was "clearly erroneous," or that it is likely to succeed on its appeal.

Recognizing that its appeal is unlikely to succeed, Seven Stars attempts to travel under an exception that allows a court to grant a stay in some circumstances based "upon a lesser showing of a substantial case on the merits when the balance of the equities identified in factors 2, 3, and 4 weighs heavily in favor of granting the stay." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). This rule **only** applies "when a **serious legal question** is presented, when little if any harm will befall other interested persons or the public and when denial of the stay would inflict irreparable injury on the movant." *LabMD, Inc. v. Fed. Trade Comm'n*, 678 Fed. Appx. 816, 819 (11th Cir. 2016) (emphasis added) (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)). In its Motion, Seven Stars does not even attempt to show that a "serious legal question" is presented by its appeal – because it is not.

As discussed above, there is no authority supporting Seven Stars' claim that a lack of funds or an anticipated litigation funding agreement constitutes good cause to amend a scheduling order, and binding Eleventh Circuit precedent confirms that it is not an abuse of discretion for a court to enforce its scheduling order. *See, e.g., St. Louis Condo. Ass'n*, 5 F.4th at 1243. Even if Seven Stars' lack of funds did constitute good cause – which it did not – the court would not have been *required* to extend the expert deadline, as Seven Stars seems to imply; a court's refusal to modify

a scheduling order even after a showing of good cause is not an abuse of discretion. *Josendis*, 662 F.3d at 1307. Given this unambiguous and binding precedent, it is clear that Seven Stars' Hail Mary appeal presents no serious legal question, and therefore this exception is not applicable. *See In re Dale Mabry Props., Ltd.*, 149 B.R. 209, 211 (M.D. Fla. 1992) (Eleventh Circuit precedent addressing issue on appeal "leaves for determination no serious legal question"). *See also Vine v. PLS Fin. Services, Inc.*, 2019 WL 4257108, at *6 (E.D. Tex. Sept. 9, 2019) ("[a] serious legal question is one that could have a broad impact on federal and state relations, or an otherwise far-reaching effect of public concern") (citing *Wildmon Berwick Universal Pictures*, 983 F.2d 21, 23-24 (5th Cir. 1992) and *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 40 (5th Cir. 1983)); *Confederated Bands & Tribes of Yakama Nation v. West*, 74 F.3d 1245 (9th Cir. 1996) (defining "serious legal questions" as "serious questions **going to the merits**") (emphasis added); *Forest City Daly Hous., Inc. v. Town of N. Hempstead*, 175 F.3d 144, 149 (2d Cir. 1999) (as alternative to likely success on the merits, moving party must "show sufficiently serious questions **going to the merits of the case** to make them a fair ground for litigation") (emphasis added).

Seven Stars' appeal of an order denying an extension of a scheduling order does not present a serious legal question that merits an exception from the general rule that a party seeking a stay pending appeal must show a substantial likelihood of success on the merits of its appeal. And because Seven Stars cannot establish a likelihood of success on the merits of its appeal, its Motion for Stay should be denied. *Sanders*, 544 B.R. at 467 ("failure to satisfy one prong is fatal to the motion").

### B. Seven Stars Cannot Show a Substantial Risk of Irreparable Injury Absent a Stay

Next, Seven Stars makes the conclusory, unsupported assertion that its entire business will inevitably be "lost" if MDG Powerline takes *any* action to collect on its fee judgment. But neither

Seven Stars' Motion nor the bare-bones declaration of its principal, Jens Berding [ECF No. 324-1], is adequate to satisfy Seven Stars' "heavy burden" to demonstrate a "substantial risk of irreparable injury…unless the injunction is granted." *Rosner v. United States*, 2012 WL 13066528, at *1 (S.D. Fla. Aug. 28, 2012) (citing *Touchstone v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000)).

To establish irreparable harm, the "injury must be neither remote nor speculative, but actual and imminent." *Ne. Florida Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990). *See also Nken v. Holder*, 556 U.S. 418, 434-35 (2009) ("simply showing some possibility of irreparable injury" is insufficient to support a stay). Moreover, "[m]ere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay, are not enough." *In re Lickman*, 301 B.R. 739, 748 (Bankr. M.D. Fla. 2003) (quoting *Cunningham v. Adams,* 808 F.2d 815, 821 (11th Cir.1987)).

In its Motion, Seven Stars has not advanced any concrete evidence showing that its demise would be "actual and imminent" absent a stay of execution of the judgment, as it claims. *See Widerman Malek P.L. v. Carranza*, 2020 WL 6748053, at *2 (M.D. Fla. May 7, 2020) ("vague" affidavits containing "general statements about what may happen at some unspecified time don't show Petitioners will experience immediate and irreparable harm"). In essence, Seven Stars asserts that payment of the judgment would be difficult because it has other debts to pay. However, "monetary harm that the Debtor would suffer if plaintiff were to enforce its judgment [is] insufficient to establish irreparable harm." *Lickman*, 301 B.R. at 748.

Seven Stars has not carried its "heavy burden" to demonstrate a "substantial risk of irreparable injury." *Rosner*, 2012 WL 13066528 at *1. Accordingly, its Motion should be denied.

MIAMI 9510461.1 84482/88966

6

### C. A Stay Would Harm MDG Powerline

In considering a motion to stay pending appeal, the "court must measure the harm to the non-movant…and balance the harm inuring to all parties." *Lickman*, 301 B.R. at 748. MDG Powerline would plainly be harmed by a stay because it would impede its ability to collect on its judgment. *Id.* ("stay pending appeal would harm the appellee by impeding ongoing collection efforts") (citing *In re Bilzerian*, 264 B.R. 726, 735 (Bankr. M.D. Fla. 2001)); *see also Rubinstein v. Keshet Inter Vivos Tr.*, 2021 WL 3141944, at *2 (S.D. Fla. Jan. 29, 2021) ("the court must balance the potential harm against the immediate harm identified by Plaintiffs: further delay in enforcing the judgment at Plaintiffs' expense"). This factor does not weigh in favor of a stay.

### D. No Harm to the Public Interest

Seven Stars does not even argue in its Motion that the public interest would be served by the issuance of a stay – as is its burden. *Lickman*, 301 B.R. at 749.

Ultimately, Seven Stars has failed to carry its burden to support a stay of the fee judgment pending appeal. Seven Stars has not shown (or seriously argued) that it is likely to succeed on its appeal. And Seven Stars has failed to present a "substantial case on the merits," as its appeal plainly fails to present a "serious legal question." *In re Dale Mabry*, 149 B.R. at 211; *Vine*, 2019 WL 4257108 at *6; *Forest City*, 175 F.3d at 149. Even if Seven Stars had presented a "substantial case on the merits," a stay could only be granted "on lesser showing of a substantial case on the merits when the balance of the equities identified in factors 2, 3, and 4 weighs ***heavily*** in favor of granting the stay." *Garcia-Mir*, 781 F.2d at 1453. Seven Stars has not met its "heavy" burden to show that it would suffer "irreparable" harm absent a stay, nor has it shown that this alleged harm to Seven Stars outweighs the real, undisputed harm to MDG Powerline that would result from a stay preventing it from collecting on the judgment.

For these reasons, the Motion for a stay or injunction pending appeal should be denied.

## II.     WAIVER OF A SUPERSEDEAS BOND IS INAPPROPRIATE

Seven Stars' extraordinary request for a stay *without* posting a supersedeas bond to secure the judgment should also be denied.

Contrary to Seven Stars' assertions in its Motion, "the purpose of a supersedeas bond is to protect the appellees" – that is, MDG Powerline – "from a loss resulting from the stay of execution." *Marjam Supply Co. of Florida, LLC v. Pliteq, Inc.*, 2021 WL 1929371, at *1 (S.D. Fla. May 3, 2021), *report and recommendation adopted*, 2021 WL 1923135 (S.D. Fla. May 13, 2021). Mindful of the interests of the *judgment creditor*, courts in this district generally require an appellant to post a bond pursuant to Fed. R. Civ. P 62(b) in order to obtain a stay of proceedings to enforce a judgment. Indeed, "Rule 62, taken in its entirety, indicates a policy *against* any unsecured stay of execution after the expiration of the time for filing a motion for a new trial." *Slip N' Slide Records, Inc. v. Teevee Toons, Inc.*, 2007 WL 1489810, at *2 (S.D. Fla. May 18, 2007) (emphasis added). However, some courts of this district have recognized two "limited exceptions" to this general rule requiring a bond: "(a) where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money, or (b) where the requirement would "put defendant's other creditors in undue jeopardy." *SunTrust Bank v. Ruiz*, 2015 WL 11216712, at *2 (S.D. Fla. Aug. 16, 2015). It is the moving party's burden to "objectively demonstrate the reasons for departing from the 'usual circumstances' of posting a supersedeas bond as a condition for a stay." *Id.* at *3. *See also Slip N' Slide Records*, 2007 WL 1489810, at *2 ("if an unsecured stay is to be granted, the burden is on the defendants to demonstrate affirmatively that posting a bond or otherwise providing adequate security is impossible or impractical").

In its Motion, Seven Stars ostensibly argues that a bond requirement would put its other creditors in undue jeopardy. But Seven Stars does not provide any specific evidence showing that the rights of any other creditors would be jeopardized by a bond. Indeed, Mr. Berding asserts in his declaration that Seven Stars' largest creditor, Wells Fargo, has liens on Seven Stars' equipment and assets. ECF No. 324-1 ¶ 13. Mr. Berding further states that "it is not at all clear that execution against the judgment will net anything of value to the Defendant-Landlord." *Id.* at ¶ 17. Thus, by Mr. Berding's own reckoning, execution on the judgment will not impair the rights of any other creditors – and a stay is wholly unnecessary.

Seven Stars' real argument is that the posting of a bond would be financially burdensome to Seven Stars. But this cuts *against* the waiver of a bond. "[A] prospective inability to pay a judgment must defeat the request for a stay without a bond. The court can only dispense with the requirement for a bond after the judgment debtor has objectively demonstrated his ability to satisfy the judgment and maintain the same degree of solvency through the appellate process." *Avirgan v. Hull*, 125 F.R.D. 185, 187 (S.D. Fla. 1989). *See also Max Sound Corp. v. Google LLC*, 2019 WL 480544, at *2 (N.D. Cal. Feb. 7, 2019) (appellant's "financial insecurity weighs in favor of requiring a bond or security…[appellant's] apparent financial hardship is unfortunate, but the Court cannot put [the judgment creditor's] right to obtain its judgment at risk solely on the basis of [appellant's] ability to pay. Indeed, it may be an abuse of discretion to do so"). Seven Stars' Motion should be denied for this reason alone.

Seven Stars' proposed "alternate security" is also woefully deficient. Seven Stars merely proposes to enter into a stipulation under which it agrees during the pendency of the appeal to refrain from "selling, transferring or otherwise disposing of any assets subject only to any assets/income needed to operate the business." ECF No. 324 ¶ 23. This is a particularly empty

gesture, given Seven Stars' admission that its assets collateralize its other debts. As Magistrate Judge Torres said *Slip N' Slide Records* in rejecting a similar proposal from an appellant: "This pledge to do what [appellant] is already required to do is not, by itself, enough to provide the type of security that Rule 62 contemplates." 2007 WL 1489810 at *3.

To the contrary, a judgment debtor facing an "undue financial burden" may "supply alternative security that '**would furnish equal protection to the judgment creditor**.'" *Fin. Info. Techs., LLC v. iControl Sys., USA, LLC*, 2020 WL 11423017, at *1 (M.D. Fla. Nov. 13, 2020) (emphasis added) (quoting *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). Not only does Seven Stars' proposal fail to provide "equal protection" – or *any* protection – to MDG Powerline, it essentially shifts the burden to the judgment creditor to determine whether Seven Stars is dissipating or transferring assets to avoid satisfying the judgment. This conflicts with the purpose of the supersedeas bond, which is intended "to secure the prevailing party against the risk that the judgment debtor will be unable to meet the obligations pending appeal and to protect the prevailing party from the costs that it incurs in foregoing execution of judgment until the appeal is decided." *Chalfonte Condo. Apartment Ass'n, Inc. v. QBE Ins. Corp.*, 695 F.3d 1215, 1232 (11th Cir. 2012).

In the end, Seven Stars offers MDG Powerline no security at all. What Seven Stars really seeks in its Motion is complete relief from the fee judgment for the duration of its longshot appeal without suffering even the slightest burden or inconvenience. This jaw-dropping request has no basis in the law. Seven Stars' extraordinary Motion for a Stay of Execution of the Judgment should be DENIED.

Dated: May 18, 2022.                                       Respectfully submitted,

                                                              **BILZIN SUMBERG BAENA PRICE & AXELROD LLP**

    1450 Brickell Avenue, 23rd Floor
    Miami, Florida 33131
    (305) 374-7580
    By:  /s/ *Jeffrey I. Snyder*
      Jeffrey I. Snyder
      Fla. Bar No. 021281

      and

**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse One
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261

By:  *s/Scott Hiaasen*
Susan E. Raffanello, Florida Bar No. 676446
sraffanello@coffeyburlington.com
Scott A. Hiaasen, Florida Bar No.: 103318
shiaasen@coffeyburlington.com
lmaltz@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com

*Counsel for Defendant MDG Powerline Holdings, LLC*

MIAMI 9510461.1 84482/88966

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on May 18, 2022, on all counsel or parties of record on the below/attached Service List.

　　　　　　　　　　　　　　　　　　　_s/Jeffrey Snyder_

## Service List

Kathleen A. Daly, Esq.
*Counsel for Debtor/Plaintiff*
Law Office of Kathleen A. Daly, P.A.
515 North Flagler Drive
Suite P300
West Palm Beach, Florida 33401
Tel: 561-293-8514
kdaly@kadalylaw.com

Gary Brookmyer, Esq.
*Counsel for Debtor/Plaintiff*
Brookmyer, Hochman, Probst
& Jonas, P.A.
800 Village Square Crossing
Suite 201
Palm Beach Gardens, Florida 33410
Tel: 561-624-2110
gary@brookmyerlaw.com

Kai Jacobs, Esq.
*Counsel for XBK Management LLC*
Kai Jacobs, P.A.
2222 Ponce de Leon Blvd.
Coral Gables, Florida 33134
Tel: 305-768-9846
kj@sflblg.com
assistant@sflblg.com

MIAMI 9510461.1 84482/88966