

**ORDERED in the Southern District of Florida on May 25, 2022.**

_____
**Scott M. Grossman, Judge
United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

| | |
|---|---|
| SEVEN STARS ON THE HUDSON CORPORATION, d/b/a ROCKIN' JUMP | Case No. 19-17544-SMG<br>Chapter 11 |
| Debtor, | |
| _____/ | |
| SEVEN STARS ON THE HUDSON CORPORATION, d/b/a ROCKIN' JUMP, | Adversary Proceeding<br>No. 19-01230 |
| Plaintiff | |
| v. | |
| MDG POWERLINE HOLDINGS, LLC AND XBK MANAGEMENT LLC, d/b/a XTREME ACTION PARK, | |
| Defendants. | |
| _____ | |

MIAMI 9527568.2 84482/88966

### AGREED ORDER ON PLAINTIFF-APPELLANT'S
### MOTION FOR A STAY OF EXECUTION ON JUDGMENT

This matter came before the Court for continued hearing[1] on May 24, 2022 at 11:00 a.m. upon the Motion for a Stay of Execution of Judgment on May 16, 2022 [ECF No. 324] (the "Motion") filed by Plaintiff-Appellant, Seven Stars on the Hudson Corporation ("Seven Stars") in respect of the Final Judgment for Defendant MDG Powerline Holdings, LLC's Attorneys' Fees and Costs entered by the Court on May 2, 2022 [ECF No. 311] (the "Judgment").

The Court, having reviewed the Motion and the Response filed by Defendant-Appellee MDG Powerline Holdings, LLC ("MDG"), considered the arguments of counsel, and having been advised that Seven Stars and MDG have agreed to entry of this Order, it is ORDERED as follows:

1. The Motion is GRANTED solely to the extent set forth herein.

2. MDG shall be and hereby is STAYED from taking any action against Seven Stars to execute on the Judgment for the term and subject to the exceptions and conditions provided herein (the "Stay").

3. Beginning June 15, 2022 and no later than the fifteenth (15th) day of each calendar month thereafter, Seven Stars shall pay MDG the following amounts in partial satisfaction of the Judgment:

    a. $7,500.00 for each of the months of January through March and June through August (the "Regular Operating Months");

    b. $5,000.00 for each of the months of April, May, and September through December (collectively, the "Low Season Months"), provided, however, that in the event that gross revenues for any individual Low Season Month exceed 90%

---

[1] The Motion was originally set for hearing on May 18, 2022 at 10:00 a.m. and was continued to May 24, 2022 by court order [ECF No. 328].

       of the average gross revenues for the most recent three (3) Regular Operating Months, Seven Stars shall pay MDG an additional $2,500 in respect of such Low Season Month (such payment, a "Supplemental Payment");

   c. Notwithstanding the foregoing, in no event shall Seven Stars be required to make any payment hereunder after having fully satisfied the Judgment, including post-judgment interest.

4. All payments required pursuant to paragraph 3 hereof shall be due on the fifteenth (15th) day of each calendar month based on the immediately preceding calendar month (i.e., $5,000 on June 15th for May, $7,500 on September 15th for August), except for the Supplemental Payments, if any, which shall be due no later than the twentieth (20th) day of the calendar month immediately following the Low Season Month giving rise to the obligation to pay the Supplemental Payment.

5. In the event that the pending appeal of the Judgment is dismissed or is otherwise disposed of in favor of MDG (and without prejudice to the ability to Seven Stars to seek a further stay pending further appeal), Seven Stars shall have thirty (30) days from the date of such order to pay to MDG the then-remaining balance of the Judgment, inclusive of interest and any additional fees and costs that may be awarded as of such date (the "Final Payment"). In the event that further fees and costs are awarded after such date, Seven Stars shall pay all such amounts within thirty (60) days of such award.

6. In the event that a final, non-appealable order is entered that reverses or vacates the Judgment, MDG shall return to Seven Stars all payments made hereunder, without interest and without prejudice to MDG's ability to assert a right of setoff if applicable.

In lieu of any refund required hereunder, Seven Stars may elect to retain the funds and apply same as prepaid rent.

7. By the twenty-first day of each calendar month for the immediately preceding month, (e.g. beginning June 21, 2022 for May 2022), Seven Stars shall provide monthly operating reports to MDG in a form substantially similar to those filed with the Court prior to confirmation of its chapter 11 plan. In addition, and notwithstanding the Stay, MDG shall be entitled to propound discovery in aid of execution as and to the extent provided by the Federal Rules of Civil Procedure, provided, however, MDG shall not seek to depose Seven Stars or its principals in aid of execution of the Judgment absent further order of the Court for cause shown.

8. For so long as the Stay remains in effect in accordance with the terms of this Order, MDG shall consent to a stay or abatement of the eviction proceeding presently pending in Broward County Circuit Court, provided that such stay or abatement shall be subject to the discretion of the presiding judge in such proceeding. To the extent that the state court mandates that the trial go forward, Seven Stars shall have the right to seek a stay from the district court of appeals based on the parties' agreement herein.

9. In the event that any payment required to be made pursuant to paragraphs 3, 4, or 5 hereunder are not made as and when due or, in the case of fixed monthly payments required pursuant to sections 3(a) and (b) thereof, by the twentieth (20th) day of the calendar month in which such payment is due, the Stay provided herein shall automatically terminate without further notice or order of the Court and MDG shall be entitled to exercise all rights and remedies available to it under applicable law. Notwithstanding the foregoing and solely with respect to the payments required

hereunder, in the event that a governmental authority having jurisdiction over the Debtor's business orders that it entirely close to the public as the result of a pandemic (e.g. COVID-19), the obligation to make required payments hereunder other than the Final Payment shall be suspended for the duration of such order.

10. The Court shall retain jurisdiction to enforce the terms of this Order.

###

**Submitted By:**
Jeffrey I. Snyder, Esq
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, 23rd Floor
Miami, Florida  33131
Tel.  (305) 374-7580
Fax.  (305) 374-7593
jsnyder@bilzin.com

*Attorney Snyder is directed to serve this order upon any non-registered users or registered users that have yet to appear electronically in this case and file a conforming certificate of service.*