UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION


In re:

SEVEN STARS ON THE HUDSON
CORPORATION, d/b/a ROCKIN' JUMP          Case No. 20-19106 - SMG
                                        Chapter 11

           Debtor,
_____/

SEVEN STARS ON THE HUDSON                Adversary Proceeding
CORPORATION, d/b/a ROCKIN' JUMP,         No. 19-01230
A
           Plaintiff
v.

MDG POWERLINE HOLDINGS, LLC

           Defendants.


_____


**MOTION FOR RELIEF UNDER RULE 60(b)(1) OR ALTERNATIVELY,**
**TO PERMIT LATE FILING OF APPELLATE DESIGNATION**
**OF RECORD AND STATEMENT OF ISSUES**

    Appellant-Plaintiff, Seven Stars on the Hudson Corporation ("Appellant" or "Seven

Stars"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure

60(b)(1) made applicable herein by Bankruptcy Rule 9024, hereby files this Motion seeking relief

from the Order entered by this Court on May 25, 2022 (the "Order") to the extent that it construes

the Final Judgment for purposes of a Stay of Execution to include only the Final Judgment on

Defendant-Appellee MDG Powerline Holdings, LLC ("MDG") and by definition excludes the

Final Judgment entered by this Court on January 31, 2022 which is the principal appeal upon which the Final Judgment on Fees for Defendant-Appellee MDG's Attorney Fees and Costs is based and amend and/or supplement said Order with a reference to the January 31, 2022 Final Judgment. Alternatively, the Appellant Seven Stars seeks leave to file out of time Appellant's Designation of Record and Statement of Issues.

**PRIOR PROCEEDINGS**

1.      On January 28, 2022, this Court granted the motions for summary judgement of defendants MDG Powerline Holdings, LLC ("Landlord") and XBK Management, LLC d/b/a Xtreme Action Park ("Xtreme").  See DE # 234

2.      On January 31, 2022, a judgment was entered in favor of the Defendants dismissing the claims contained in the Second Amended Complaint.  DE # 241 (the "Final Judgment on the Merits").

3.      On February 7, 2022, Plaintiff filed its Notice of Appeal from the Final Judgment, which was later amended on February 14, 2022.  See DE # 246 and 257.

4.      On February 14, 2022, Defendants each filed its motion for attorneys' fees together with supporting materials.  See DE # 255, 258, 259, 260, 261.

5.      On March 21, 2022, Seven Stars filed its response and objections to each of the motions for attorney fees.  See DE # 293.

6.      On March 25, 2022, the Landlord filed its reply on the motion for attorneys' fees. See DE # 300 and 301.

7.      On April 21, 2022 a hearing was held on, *inter alia*, the two motions for attorneys' fees and by order filed on April 26, 2022, this Court awarded the Landlord $229,012.00 in reasonable attorneys' fees as the prevailing party in this action and $9,141.23 in nontaxable costs,

in addition to the $10,436.42 in taxable costs previously awarded in the Clerk's Bill of Costs.  See DE # 304.

8.    By separate order entered on April 26, 2022, this Court stayed Defendant Xtreme's motion for attorneys' fees pending disposition of the appeals process.  DE # 304.

9.    A final judgment in favor of MDG on its motion for attorney fees and costs was entered on May 3, 2022 ("Money Judgment").  See DE # 311.

10.    On May 10, 2022, Seven Stars filed its notice of appeal from the final judgment in favor of MDG on its motion for attorney fees. See DE # 318.

<u>PROCEEDINGS RELATED TO THE ORDER</u>

11.    On May 16, 2022, Appellant filed a Motion for Stay of Execution on the MDG Money Judgment.  The basis for the request of a stay was because, *inter alia*, execution in connection with the Money Judgment not only jeopardized the Appellant, Seven Stars, but also hurt the creditors of the Estate which were being paid in accordance with the Seven Stars' Plan Confirmation which was approved by this Court on May 6, 2021. See DE # 324 in Case No. 20-19106.

12.    In its Motion, Appellant Seven Stars, proposed an alternative form of security.

13.    On May 18, 2022, Appellee-MDG filed its opposition to Seven Star's Motion for a Stay of Execution,  arguing that Seven Stars had not established that it had a likelihood of prevailing on the appeal from this Court's entry of the Final Judgment on the Merits  in favor of the Defendants. It further argued that Seven Stars failed to meet the remaining three criteria for a stay.  DE # 327.

14.    In its opposition, MDG also objected to any form of security less than a supersedes bond, arguing that its poor financials "cuts against the waiver of a bond." Id., pg. 9.

15.    On May 19, 2022, the Court held a hearing.   At the hearing, Seven Stars acknowledged that the filing of the second appeal regarding fees was taken as a cautionary measure.  See Ex. A - Transcript of Hearing held on May 19, 2022 ("5/19/22 Trans."), pg. 4, lines 16-17.

16.    Seven Stars argued as to the four factor stay analysis that there was a basis to seek a stay because there was a likelihood of success on the merits. Id.,  Seven Stars also pointed to the irreparable harm that would befall Seven Stars if MDG were permitted to execute against its operating accounts; that such a lien would cause it to lose its business which in turn would have a detrimental impact on its ability to pay its Plan creditors, including Wells Fargo  if it was permitted to jump ahead of these other creditors and that its actions could pose a real threat to the hotly contested Plan that was put in place.  Id. pg. 12, lines 1-16.

17.    MDG's counsel argued that there could be no finding of a likelihood of success on the merits because the Court did not abuse its discretion in precluding Seven Stars from pursuing expert discovery on the issue of damages.  Id., pg. 18-20.  MDG further argued that Seven Stars had not met the threshold requirement for a showing of irreparable harm and that Mr. Berding's declaration did not support such a finding.  Id., 21.

18.    This Court voiced concern for the other creditors under Seven Star's confirmed Plan if MDG were able to execute against Seven Stars' operating account:

> THE COURT: The third prong, I mean, the cases phrase them slightly differently, right, but I –I think a fair couching of the third prong is that the other parties—the other partis will suffer no substantial harm if a stay or other injunctive relief is granted.  We, what about the other creditors in the bankruptcy case who are being paid under a confirmed plan, won't they be harmed, won't they be prejudiced?  Would MDG not be jumping ahead of the line and basically blowing up the plan and coming ahead of all the other creditors who are being paid under the plan whose priority and claims were fixed as of the confirmation date?

Ex. A, pg. 27 (lines 18-25) – pg. 28 (lines 1-6).

19.    The Court granted a temporary stay and urged the parties to work with each other in terms of coming up with a solution that would address MDG's argument that it needed security and Plaintiff's concern that any freeze of its bank account would jeopardize other creditors.  The Court suggested that Seven Stars make available to MDG its operating reports.  Id. pgs. 34-38.

20.    A temporary stay order was entered, and the parties were directed to come back to Court on May 24, 2022.  A copy of the temporary stay order is annexed as Ex. B.

21.    On May 24, 2022 the parties returned to Court.  The parties spent the better part of five hours hammering out the terms of an agreement.  A copy of the Agreed Order is annexed as Ex. C ("Stipulation and Order").

22.    Although the Agreed Order references only the Money Judgment, it is clear that it contemplated the possibility of a reversal of the Final Judgment on the Merits.  See Ex. C, ¶ 6.  Specifically, it provides:

> In the event that a final, non-appealable order is entered that reverses or vacates the Judgment, MDG shall return to Seven Stars all payments made hereunder, without interest and without prejudice to MDG's ability o assert a right of setoff if applicable.

Id.

23.    The only "Judgment" that could be vacated or reversed that would warrant a return of fees to Seven Stars is the Final Judgment on the Merits.  Indeed, the hearing on May 19th discussed the necessary factors—including the all important "likelihood of success on the merits" as it relates only to the Final Judgment on the Merits.

24.    In addition, the Money Judgment was essentially agreed to by Seven Stars and MDG.  Specifically, counsel for Seven Stars in opposing MDG's motion for attorney fees and costs acknowledged that MDG was entitled to recover reasonable attorney's fees and non-taxable

costs as the prevailing party.  See DE # 294, ¶ 1.  Counsel for Seven Stars challenged the motion

for fees solely on the basis of block billing and sought an "across the board reduction of one-third

(1/3) with respect to the fees awarded to MDG".  Id., pg. 6.  In its reply, MDG agreed to this

reduction.  See DE # 300, pg. 3.  See also Ex. D (transcript of hearing on motion for attorney fees).

25.     Because the amount of the fees and costs were agreed upon, the only reversal that

could result in a return of the fees stems from the Final Judgment on the Merits.

26.     On May 25, 2022, the Court dismissed the appeal from the Money Judgment for

failure to file the designation of the record and statement of issues on May 24, 2022. See DE #

330.

27.     On May 26, 2022, counsel for MDG advised counsel for Seven Stars that the final

balance for the attorney fees and costs was due on June 24, 2022. See Ex. E.

## LEGAL ARGUMENT

### Point I

### RELIEF UNDER FED. R. CIV. P. 60(b)(1) IS WARRANTED

28.      Under Fed. R. Civ. P. 60(b)(1), made applicable here under Bankruptcy Rule

9024, the Court may relieve a party from a final judgment, order, or proceeding based upon

mistake, inadvertence, surprise, or excusable neglect. Although a motion under Rule 60(b)(1) is

committed to the sound discretion of the Court, that discretion is not without boundaries.  *See*

*Seven Elves. Inc. v. Eskenazi*,  635 F.2d 396, 402 (5th Cir. 1981)("[t]he discretion of the district

court is not unbounded, and must be exercised in light of the balance that is struck by Rule 60(b)

between the desideratum of finality and the demands of justice").

29.     The factors analyzed to determine if relief is warranted under this subsection are:

(i) whether the non-movant will be prejudiced; (2) whether the movant has a meritorious claim or

defense; and (3) whether the movant engaged in culpable conduct that led to the error. Applying

those factors here warrant the relief requested by Seven Stars.

      30.     First, MDG will not be prejudiced if a stay is granted, and the Order is amended

and enforced as intended-under the payment schedule laid out in that Order.  MDG agreed to accept

a monthly payment tied to Seven Stars' revenues.  This schedule takes into account the needs of

both parties and, in the case of Seven Stars, assures that its Plan creditors will not be prejudiced or

their payment rights impaired.

      31.     Second and by contrast, Seven Stars will be prejudiced as will its creditors—a

point that very much concerned this Court.  Under the third factor, a movant's culpability under

is "framed" under the language of the rule by demonstrating a lack of culpability based on

mistake, inadvertence, surprise, or excusable neglect.  In *Santiago v. Hurley*, 2006 WL 3196295

(S.D. Ohio 2006) , the court stated "Although Rule 60(b)(1) does not define the term 'excusable

neglect,' the courts have determined the existence of excusable neglect by making an equitable

determination based upon the following factors: '(1) the danger of prejudice to the other party,

(2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the

delay, and (5) whether the movant acted in good faith.'"

      32.     As already noted, MDG faces little prejudice.  Moreover, the Order was entered

approximately than two weeks ago.  The error was excusable as the intent of the parties,

particularly Seven Stars, shows that the appeal everyone was concerned about was not the

Money Judgment but the Final Judgment on the Merits.  The Money Judgment entered was akin

to a consent judgment in that it is tied to the main appeal which is pending and the parties agreed

in advance as to the amount.   As the Order makes clear, a reversal of this Court's Final

Judgment on the Merits will automatically eliminate the Money Judgment and in fact compel the return of monies to Seven Stars.

33.    For these reasons, the Court should permit the parties to amend the language defining "Final Judgment" in the opening paragraph to, at a minimum, include a reference to the Final Judgment on the Merits.  In addition, paragraphs 5 and 6 of the Order should be clarified to substitute the Final Judgment on the Merits for Money Judgment and for Seven Stars to be able to comply with the Order by making the scheduled payments. *See In re Salem Mortgage Company*, 791 F.2d 456 (6th Cir. 1986)(vacating judgment for mistake of attorney who stipulated that the only issue at bar was an issue different than that which the attorney briefed).

### Point II

### ALTERNATIVELY, SEVEN STARS SHOULD BE PERMITTED TO FILE AN APPELLATE DESIGNATION AND STATEMENT OF ISSUES

34.    Under Bankruptcy Rule 8006 and following the filing of the Notice of Appeal, an Appellant is required to be filed within fourteen (14) days after the filing of the Notice of Appeal.

35.    In this case, and believing that the sole issue for which the notice of appeal from the money judgment was filed, was resolved by the Order, Seven Stars did not file the Designation of the Record and Statement of Issues.  Seven Stars has complied with the appeal requirement relating to the main appeal from the award of Summary Judgment to MDG.

36.     The concern of Seven Stars was that there was little by way of an aggrieved issue because the parties agreed to the amount of the money judgment for fees and costs.  In fact, this was specifically noted by this Court during the hearing on the attorney fee motions and acknowledged by counsel for MDG who stated he was "baffled" because the parties should have

had "an agreed order entered or at least presented to the Court for entry a month ago." Ex. D, pg. 18, lines 16-17.

37.     The appeal was taken as a precautionary measure as the undersigned represented to the Court during the May 19th hearing.  See Ex. A, pg. 4, lines 16-17.

38.     There was no dilatory conduct with respect to the non-filing because the briefing in the main case continues and it is the outcome of that appeal which will determine the payment of attorney fees.

39.     Under Local Rule 87.4, this Court is empowered to extend the aforementioned deadlines and to permit consolidation with other appeals where there is a common record.   This is such a case.  The attorneys' fees and costs appeal should be considered along with the main appeal because the ultimate resolution of the main appeal will determine the disposition of the appeal from the money judgment.

40.     Because of the harshness of the sanction, dismissal, a lesser sanction should be considered, particularly in the absence of any finding of bad faith or other dilatory conduct.  See *In re Parker*, 250 B.R 512 (M.D. Pa. 2000)(noting that "[s]everal circuits have held dismissal is an extreme step, to be taken only under limited circumstances, such as bad faith or prejudice").[1]

WHEREFORE, for the foregoing reasons, Seven Stars requests that this Court, find that the Appellant is entitled to relief under Rule 60(b)(1) or alternatively, that it should be permitted to file its designation of the record and statement of issues and to consolidate same with appeal from the main case.

---

[1]     Although I have not come across a case within the Eleventh Circuit relating to the failure to file timely a Designation of the Record and Statement of Issues, there appear to be other Circuits that have adopted a system for affording the appellant an opportunity to address the issue before a dismissal.  *See Forbes v. Provident Funding (In Re Forbes)*, 2020 WL 2430949 (W.D.N.C. May 12, 2020).

Respectfully submitted,


_____*/s/ Kathleen A. Daly*_____
Kathleen A. Daly

Fla. Bar. No. 112438
LAW OFFICE OF KATHLEEN A. DALY, P.A.
515 N. Flagler Dr., Ste. P300
West Palm Beach, FL 33401
Tel: (561) 293-8514/(917) 301-2437
Fax No.      (800) 395-8692
Email: kdaly@kadalylaw.com

*Attorneys for the Appellant*
*Seven Stars on the Hudson*
*Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF and/or via email, on June 9, 2022, on all counsel or parties of record on the below/attached Service List.

*/s/ Kathleen A. Daly*
Kathleen A. Daly

## <u>Service List</u>

Jeffrey Snyder, Esq.
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, 23rd Floor
Miami, FL 33131
Tel: (305) 374-7580
Email:  jsnyder@bilzin.com

Scott A. Hiaasen, Esq.
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse One
Miami, FL 33133
Tel: (305) 858-2900
Email: shiaasen@coffeyburlington.com

Attorneys for MDG Powerline Holdings, LLC


Kai Jacobs, Esq.
KAI JACOBS, PA
2222 Ponce de Leon Blvd
Coral Gables, FL 33134
Tel: (305) 768-9846
Email:  kj@sflblg.com

Attorneys for XBK Management LLC