UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION


IN RE:

SEVEN STARS ON THE HUDSON                    CASE NO:  20-19106-SMG
CORPORATION, d/b/a ROCKIN'JUMP


      Debtor,

_____/

SEVEN STARS ON THE HUDSON                    ADVERSARY NO.:  19-01230-SMG
CORPORATION, d/b/a ROCKIN'JUMP


      Plaintiff,

v.

MDG POWERLINE HOLDINGS, LLC,
and XBK MANAGEMENT LLC, d/b/a
XTREME ACTION PARK,


      Defendants.

_____/


**DEFENDANT MDG POWERLINE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

    Defendant MDG POWERLINE HOLDINGS, LLC ("MDG Powerline"), by and through

undersigned counsel, hereby submits its Response to Plaintiff's Motion for Relief Under Rule

60(b)(1) or Alternatively to Permit Late Filing of Appellate Designation of Record and Statement

of Issues (ECF No. 339) (the "Motion"), and states as follows:

    Once again, Plaintiff Seven Stars on the Hudson Corporation ("Seven Stars") seeks relief

from a purported crisis of its own making by asking this Court to revive its stay of enforcement of

the Fee Judgment, notwithstanding the dismissal of the appeal of the Fee Judgment, Seven Stars'
intentional abandonment of that same appeal, and the terms this Court's Agreed Order (ECF No.
329) (the "Agreed Order") that Seven Stars has ***already violated*** – independently resulting in
termination of the stay.  After agreeing to make monthly payments of at least $5,000 to MDG
Powerline in exchange for a stay of the outstanding Fee Judgment pending its first-dismissed, then
withdrawn appeal of that judgment, Seven Stars failed to make its first payment on June 15 as
required by the Agreed Order.  Accordingly, the Court's stay of execution on the Fee Judgment
"automatically terminate[d] without further notice or order of the Court." ECF No. 329 ¶ 9.  As a
result, Seven Stars' Motion is effectively moot: Even if the Court were to reform the Agreed Order
as requested by Seven Stars, the stay has terminated, and MDG Powerline may execute on the
judgment.

Even on its own terms, Seven Stars' Motion must fail.  Though Seven Stars frames the
Motion as a request to "amend" the Agreed Order, in reality the Motion is an untimely request to
*vacate* two prior orders – one of which Seven Stars has already violated – and enter an entirely
new stay order based on a nonexistent appeal.

As Seven Stars admits in the Motion, its counsel spent the "better part of five hours" with
counsel for MDG Powerline negotiating and drafting an Agreed Order that, by its plain and
unambiguous terms, stays execution ***only*** of the judgment in favor of MDG Powerline awarding it
$248,589.65 in attorneys' fees and costs pending Seven Stars' appeal of that fee judgment. *See*
ECF No. 329 (the "Agreed Order"); ECF No. 311 (the "Fee Judgment").  This was no accident,
but rather was consistent with the relief that was then being sought by Seven Stars – a stay of the
Fee Judgment.  *See* ECF No. 324.

Under the clear terms of the Agreed Order – terms approved by Seven Stars – "[i]n the event that the pending appeal of the Judgment is dismissed or is otherwise disposed of in favor of MDG…Seven Stars shall have thirty (30) days from the date of such order to pay to MDG the then-remaining balance of the Judgment." ECF No. 329 ¶ 5.

Seven Stars' appeal of the Fee Judgment was later dismissed by the Court as a result of *Seven Stars'* failure to timely file the designation of the items for the record or its statement of the issues as required by Fed. R. Bankr. P. 8009. ECF No. 330. As a consequence, the stay of execution of the Fee Judgment is no longer operable and, under the terms of the Order, and MDG Powerline may "exercise all rights and remedies available to it under the law." ECF No. 329 ¶¶ 5, 9.

Seven Stars now claims that this is all a big mistake, and it asks the Court to fix it. First, Seven Stars claims that it *really intended* for the Agreed Order to remain in effect during the pendency of its original appeal of the Final Judgment in favor of MDG Powerline and XBK Management on Seven Stars' affirmative claims (ECF No. 241), despite what the Agreed Order actually says and what its then-pending motion for stay pending appeal sought. *See* ECF No. 329 (defining the "Judgment" for purposes of the Order as the Fee Judgment, ECF No. 311). Nowhere in that Agreed Order – a document carefully drafted, examined and revised by counsel over five hours – is there any reference to Seven Stars' appeal of the Final Judgment in favor of MDG Powerline and XBK Management on Seven Stars' affirmative claims. Nor could there be, because there is nothing in that Judgment (ECF No. 241) for the Court to stay, and the appeal of that Judgment has been pending for months. Nevertheless, Seven Stars asks this Court to rewrite the Agreed Order after the fact to spare Seven Stars the consequences of another significant strategic

choice – its failure to submit a designation of the items for the record or its statement of the issues in its appeal of the Fee Judgment.  Motion at ¶¶ 33-35.

Seven Stars claims in its Motion that it deliberately failed to submit the record designation and effectively abandoned its appeal of the Fee Judgment "believing that the sole issue for which the notice of appeal from the money judgment was filed was resolved by the Order."[1]  *Id.* at ¶ 35. In other words, Seven Stars *admits* that its appeal of the Fee Judgment was filed solely for purposes of seeking a stay of enforcement of the Fee Judgment to which it had previously agreed.[2]

In reality, the Motion is an *untimely* request for reconsideration of the Court's Order dismissing the appeal (ECF No. 330).  *See* Fed. R. Bankr. P. 9023 (motion to alter or amend judgment must be filed "no later than 14 days after entry of judgment").  Under Fed. R. Civ. P. 60(b), Seven Stars can only receive relief from the Court's dismissal order upon a showing of "mistake, inadvertence, surprise, or excusable neglect" – which Seven Stars obviously cannot do, having admitted that it intentionally abandoned its appeal of the Fee Judgment.

Ultimately, Seven Stars seeks rescue from its own failed and misguided strategy.  After MDG Powerline moved for an award of its attorneys' fees and costs, Seven Stars could have requested that the Court reserve ruling on the motion or stay the order awarding fees pending its appeal of the judgment on the merits – as it did in response to XBK's motion for attorneys' fees. *See* ECF No. 293.  It chose not to do so.  Instead, Seven Stars *consented* to the entry of the Fee

---

[1] Seven Stars also filed a Notice of Withdrawal of its Appeal of the Fee Judgment (ECF No. 331), only to later file a *withdrawal of its withdrawal* (ECF No. 333) after recognizing that, upon dismissal of the appeal, it was required to pay the Fee Judgment.

[2] Indeed, Seven Stars now describes the Fee Judgment as being "**akin to a consent judgment**," because entitlement was not contested and "the parties agreed in advance as to the amount." Motion at ¶ 32. *See also id.* at ¶¶ 24-25 ("the Money Judgment was essentially agreed to by Seven Stars and MDG"). This only confirms that the appeal of the Fee Judgment was improper from the start, because a *consent judgment is not an appealable order*. *See, e.g., Shores v. Sklar*, 885 F.2d 760, 762 (11th Cir. 1989) (collecting cases).

MIAMI 9611070.2 84482/88966

Judgment, and then scrambled to avoid the effect of that consent judgment by filing an improper appeal and using that as a basis to seek a stay of execution of the judgment. Seven Stars also could have moved to consolidate its appeal of the Fee Judgment with its original appeal on the merits.[3] But, once again, it chose not to do so, and instead elected to pursue two separate appeals. As a consequence, Seven Stars was required to comply with Fed. R. Bankr. P. 8009, which it failed to do – resulting in the dismissal of its appeal of the Fee Judgment. The issues raised in Seven Stars' Motion are purely the result of its own misbegotten strategy.

These issues are largely academic now, given Seven Stars' failure to comply with the Agreed Order.[4] Because the Court's stay has "automatically terminated" by the terms of the Agreed Order, the amendments to the Order requested by Seven Stars in its Motion would simply be pointless. In reality, Seven Stars is asking this Court to create an entirely a new stay order on terms more favorable to Seven Stars – and ignore both the terms of the agreement of the parties reflected in the Agreed Order and Seven Stars' violations of that same Agreed Order.

The Court should not spare Seven Stars from the consequences of its own litigation strategy or disregard its failure to comply with the Agreed Order. The Motion should be denied.

## I.    Seven Stars Is Not Entitled to Relief Under Rule 60(b).

In its Motion, Seven Stars seeks relief from the Agreed Order under Rule 60(b), and specifically requests that the Agreed Order be amended to state that the Order remains in effect

---

[3] Notably, **MDG Powerline**, not Seven Stars, filed a Notice of Related Case with the District Court assigned the appeal of the Fee Judgment, alerting that court to the prior appeal. *See Seven Stars on the Hudson Corp. v. MDG Powerline Holdings, LLC, et al.*, Case No. 22-CV-60891-RS, ECF No. 5 (S.D. Fla. May 13, 2022). Yet Seven Stars took no action to consolidate the appeals before belatedly seeking in this Motion to consolidate its abandoned and now-dismissed appeal of the Fee Judgment with its original appeal, which has now been briefed by all parties. *See* Motion at ¶ 39.

[4] In addition to its failure to make payment, Seven Stars has failed to provide monthly operating reports to MDG Powerline as required by the Agreed Order. *See* ECF No. 329 ¶ 7.

unless Seven Stars' appeal of the original judgment on the merits is dismissed, rather than its appeal of the Fee Judgment, as the Agreed Order plainly states. Motion at ¶¶ 32-33. Seven Stars is not entitled to relief under Rule 60(b).

The only basis for relief specifically discussed in Seven Stars' Motion is excusable neglect. *See* Motion ¶ 31. "A party seeking relief on the basis of excusable neglect must show that it had a meritorious defense that might have affected the outcome, granting the motion would not result in prejudice to the opposing party, and good reason existed for the party's omission." *Revere v. McHugh*, 362 Fed. Appx. 993, 999 (11th Cir. 2010) (citing *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 528 (11th Cir.1990)). Seven Stars cannot meet these elements.

As the Eleventh Circuit has held, a party seeking relief under Rule 60(b) "must demonstrate a justification so compelling that the court was required to vacate its order." *Beavers v. A.O. Smith Elec. Products Co.*, 265 Fed. Appx. 772, 778 (11th Cir. 2008) (quoting *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)). Significantly, the Eleventh Circuit has expressed a "wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error." *Cavaliere*, 996 F.2d at 1115; *see also United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cnty., Ala.*, 920 F.2d 788, 792 (11th Cir. 1991) (counsel's "failure to understand the implications of the district court's judgment" is not grounds for relief under Rule 60(b)). Moreover, "[i]n this circuit, an attorney's error or general negligence fails to constitute excusable neglect under Rule 60(b)(1)." *Sec. & Exch. Comm'n v. Gity*, 2021 WL 7543025, at *3 (S.D. Fla. Sept. 3, 2021) (internal citations omitted). *See also Grant v. Pottinger-Gibson*, 2016 WL 867111, at *2 (S.D. Fla. Mar. 7, 2016), *aff'd*, 725 Fed. Appx. 772 (11th Cir. 2018) ("[n]either ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1)"); *AC Direct, Inc. v. Grieder*, 2007 WL 4211058, at *2 (M.D. Fla.

Nov. 28, 2007) ("[r]econsideration under Rule 60(b)(1) is not proper when the only error alleged

was an oversight by counsel even if the result unfairly punishes innocent litigants"); *In re Tri-State*

*Crematory Litig.*, 2005 WL 8165451, at *7 (N.D. Ga. Mar. 22, 2005) ("Rule 60(b)(1)'s reference

to 'inadvertence or excusable neglect' does not authorize relief from the consequences of

negligence or carelessness. Rather, it requires some justification for an error, beyond a mere failure

to exercise due care") (internal citation omitted).

      Here, Seven Stars offers no justification or explanation of any kind for its alleged error.  It

merely states in conclusory fashion that it intended for the Agreed Order to remain in place so long

as the Final Judgment on the merits was pending, though the plain language of the Agreed Order

– an Order that was reviewed and revised by Seven Stars' counsel over five hours – says nothing

of the sort, and refers exclusively to the appeal of the Fee Judgment.  To the extent that Seven

Stars implies that both parties intended for the Agreed Order to refer to the Final Judgment on the

merits and not the Fee Judgment, see Motion ¶ 32, this is incorrect and unsupported.  Moreover,

Seven Stars self-serving interpretation of paragraph 6 of the Agreed Order does not help its cause:

Obviously, if the judgment on the merits were reversed, the Fee Judgment would be subject to

reversal as well.  See Fed. R. Civ. P. 60(b)(5) (a district court may vacate a judgment "based on

an earlier judgment that has been reversed or vacated").  The Agreed Order makes no reference to

the original Final Judgment (ECF No. 241) by its plain terms or by implication, nor did MMG

Powerline intend it to have done so.  For this reason alone, the Motion should be denied.

      Seven Stars' remaining arguments also fail.  First, Seven Stars asserts that MDG Powerline

would not be prejudiced by an amended order because it previously "agreed to accept a monthly

payment" from Seven Stars.  Motion at ¶ 30.  To the contrary, MDG Powerline has *already been*

*prejudiced* because Seven Stars has *already violated* the Agreed Order by failing to make the *first*

*payment* due to MDG Powerline on June 15, and by failing to provide monthly operating reports as required. Further, the stay provided for by the Agreed Order was *extinguished* by its own terms no later than June 21, both by the dismissal of appeal and as a result of Seven Stars' failure to make payment no later than June 20 pursuant to the Order. *See* ECF No. 329 ¶ 9. Once again, Seven Stars is attempting to turn its failures into a windfall: An order reconstituting the *extinguished* stay in the Agreed Order would nullify the remedies expressly provided to MDG Powerline in the Agreed Order while forgiving Seven Stars for its failure to make payment as required by the Order. In effect, Seven Stars is asking this Court to enter a *new* stay order to replace the one that it has already violated.

Seven Stars' complaint that it would be prejudiced by enforcement of the Agreed Order as written (Motion at ¶ 31) should be dismissed out of hand. Not only did Seven Stars agree to both the benefits and the consequences of the Agreed Order but, as discussed above, "[r]econsideration under Rule 60(b)(1) is not proper when the only error alleged was an oversight by counsel even if the result unfairly punishes innocent litigants." *AC Direct*, 2007 WL 4211058 at *2. The purported prejudice to Seven Stars is not a proper consideration. Moreover, any prejudice to Seven Stars at this point is a direct result of its failure to make the June payment to MDG Powerline, as required under the Agreed Order. This argument is without merit.

Seven Stars has failed to show that it is entitled to relief under Rule 60(b). Seven Stars' Motion should be denied.

## II.    Seven Stars Cannot Show "Excusable Neglect" to Amend or Vacate the Dismissal of its Fee Judgment Appeal.

Under Bankruptcy Rule 8009, Seven Stars was required to submit a designation of the record and a statement of the issues presented within 14 days of filing its notice of appeal. *See* Fed. R. Bankr. P. 8009(a)(1)(B)(i). It failed to do so. Accordingly, this Court was *required* to

MIAMI 9611070.2 84482/88966

dismiss Seven Stars' appeal of the Fee Judgment pursuant to the Local Rules of the Bankruptcy Court and the District Court.  *See* Bankruptcy Court Local Rule 8009-1(A) ("If the appellant fails to timely file a designation of record or statement of the issues as required by Bankruptcy Rule 8009, this court ***shall*** dismiss the appeal as authorized by District Court Local Rule 87.4(c)"); S.D. Fla. L.R. 87.4(c) ("the Bankruptcy Court is authorized and ***directed*** to dismiss an appeal for appellant's…failure to file a designation of the items for the record or copies thereof or a statement of the issues as required by Federal Rule of Bankruptcy Procedure 8009, and Local Bankruptcy Rule 8009-1").  The Court did so, as required, on May 25, 2022.  ECF No. 330.

In its Motion, Seven Stars ostensibly asks the Court to retroactively extend the deadline to submit its designation of the record and statement of the issues under S.D. Fla. L.R. 87.4(c).  Motion at ¶ 39.  Notably, Seven Stars has not attached the designation of the record or statement of the issues that it allegedly intends to submit.  This is no doubt due to the fact that, as Seven Stars has conceded, it had no legal basis to appeal the Fee Judgment – to which it *consented*, see Motion at ¶ 32 – and therefore it can state no issues for appeal.  The Court should not grant Seven Stars leave to make fig-leaf submissions on appeal intended solely to prop up a stay – a stay that has now terminated.

In reality, Seven Stars is asking the Court to vacate its order dismissing its appeal of the Fee Judgment.  *Id.* at ¶ 40 (arguing that dismissal of the appeal is a "harsh" sanction).  Under Fed. R. Bankr. P. 9023, Seven Stars was required to file a motion to alter or amend judgment "no later than 14 days after entry of judgment" – in this case by no later than June 8.  Seven Stars did not file its Motion until June 9.

Accordingly, Seven Stars may only seek relief from the order dismissing the appeal under Fed. R. Civ. P. 60 (applicable under Fed. R. Bankr. P. 9024).  However, a party's intentional

conduct cannot constitute excusable neglect under Rule 60.  *See Ostane v. Jim Wright Marine Constr., Inc.*, 2010 WL 3385048, at *4 (S.D. Fla. Aug. 24, 2010); *Watson v. Jordan*, 2018 WL 3761049, at *3 (M.D. Fla. May 15, 2018).  And to the extent that Seven Stars attempts to argue that its abandonment of the Fee Judgment appeal was an extension of its purported misunderstanding of the Agreed Order, this argument fails for the reasons stated above.  *See, e.g., Gity*, 2021 WL 7543025, at *3 ("[i]n this circuit, an attorney's error or general negligence fails to constitute excusable neglect under Rule 60(b)(1)").

Even if S.D. Fla. L.R. 87.4(c) governed, the result would be no different.  S.D. Fla. L.R. 87.4(c) allows the Bankruptcy Court to consider motions to extend the deadlines contained in Bankruptcy Rule 8009 pursuant to Fed. R. Bankr. P. 9006(b).  *See* S.D. Fla. L.R. 87.4(c).  Under Bankruptcy Rule 9006(b), a bankruptcy court may in its discretion extend an already expired deadline "where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1).

In its Motion, Seven Stars admits that it *intentionally* chose not to submit designation of the record and statement of the issues because it "believe[ed] that the sole issue for which the notice of appeal from the money judgment was filed was resolved by the Order."  Motion at ¶ 35.  However, the law is clear that relief under Bankruptcy Rule 9006, like Fed. R. Civ. P. 60, must be based on *neglect*, and "where a party's actions are deliberate, the party's late filing cannot constitute 'excusable neglect.'" *In re Banco Latino Int'l*, 310 B.R. 780, 785 (S.D. Fla. 2004) (collecting cases), *aff'd*, 404 F.3d 1295 (11th Cir. 2005).  Believing that it had achieved what it described as the sole goal of its appeal of the Fee Judgment – a stay of its enforcement – Seven Stars effectively abandoned its appeal.  This is not excusable neglect, and Seven Stars is not entitled to relief under Bankruptcy Rule 9006 on this basis.

Even if Seven Stars could show neglect, it cannot (and indeed has not even attempted to) show that its conduct constitutes "excusable neglect" under the rule. Seven Stars' failure to pursue the appeal of the Fee Judgment was entirely within its control, and its conduct – agreeing to a Fee Judgment that it now concedes was "akin to a consent judgment" only to appeal that same judgment solely for purposes of frustrating its enforcement – has greatly multiplied the judicial proceedings. Nor can this conduct be described as good faith. Seven Stars is not entitled to relief from its own intentional litigation strategy under Fed. R. Civ. P. 60, Fed. R. Bankr. P. 9006 and S.D. Fla. L.R. 87.4(c).

<u>**CONCLUSION**</u>

Seven Stars asked this Court for a stay pending its appeal of the Fee Judgment. After several hours of negotiations it obtained that stay by agreement as reflected in the Agreed Order. After just three weeks, not only has the appeal of the Fee Judgment been dismissed (and the dismissal order become a final order), Seven Stars violated the terms Agreed Order. Yet Seven Stars now asks this Court to ignore its alleged missteps and essentially enter a new Stay Order on terms that are more beneficial to Seven Stars and more prejudicial to MDG Powerline.

Granting this relief renders the Court's orders, the agreement of the parties, and the applicable rules without meaning. Seven Stars has failed to state any basis for this extraordinary relief. Moreover, there is no reason to believe that Seven Stars will not ignore any future stay order as blithely as it has ignored the Agreed Order. Seven Stars' Motion should be DENIED.

Dated: June 24, 2022.

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, 23rd Floor
Miami, Florida 33131
(305) 374-7580
By: ____/s/ *Jeffrey I. Snyder*
       Jeffrey I. Snyder
       Fla. Bar No. 021281

          and

**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse One
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261

By: ____*s/Scott Hiaasen*_____
Susan E. Raffanello, Florida Bar No. 676446
sraffanello@coffeyburlington.com
Scott A. Hiaasen, Florida Bar No.: 103318
shiaasen@coffeyburlington.com
lmaltz@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com

*Counsel for Defendant MDG Powerline Holdings, LLC*

MIAMI 9611070.2 84482/88966

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on June 24, 2022, on all counsel or parties of record on the below/attached Service List.

_____*s/Jeffrey Snyder*_____

## Service List

Kathleen A. Daly, Esq.
*Counsel for Debtor/Plaintiff*
Law Office of Kathleen A. Daly, P.A.
515 North Flagler Drive
Suite P300
West Palm Beach, Florida 33401
Tel: 561-293-8514
kdaly@kadalylaw.com

Gary Brookmyer, Esq.
*Counsel for Debtor/Plaintiff*
Brookmyer, Hochman, Probst
& Jonas, P.A.
800 Village Square Crossing
Suite 201
Palm Beach Gardens, Florida 33410
Tel: 561-624-2110
gary@brookmyerlaw.com

Kai Jacobs, Esq.
*Counsel for XBK Management LLC*
Kai Jacobs, P.A.
2222 Ponce de Leon Blvd.
Coral Gables, Florida 33134
Tel: 305-768-9846
kj@sflblg.com
assistant@sflblg.com

MIAMI 9611070.2 84482/88966

13