UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

In re:

SEVEN STARS ON THE HUDSON
CORPORATION, d/b/a ROCKIN' JUMP          Case No. 20-19106 - SMG
                                         Chapter 11
      Debtor,
_____

SEVEN STARS ON THE HUDSON                Adversary Proceeding
CORPORATION, d/b/a ROCKIN' JUMP,         No. 19-01230-SMG

      Plaintiff

v.

MDG POWERLINE HOLDINGS, LLC
AND XBK MANAGEMENT LLC,
d/b/a XTREME ACTION PARK,

      Defendants.

_____

**PLAINTIFF SEVEN STARS ON THE HUDSON'S REPLY
TO DEFENDANT MDG POWERLINE HOLDINGS, LLC'S RESPONSE
<u>TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT</u>**

**<u>Emergency Filing Under Local Rule 5005-1(F)(2)</u>**

    Plaintiff-Appellant Seven Stars on the Hudson Corporation respectfully requests that this Court accept this filing pursuant to Local Rule 5005-1(F)(2) for the following reasons

    Late Friday afternoon on June 24, 2022, at 4:24 pm, Defendant MDG Powerline Holdings, LLC ("MDG") filed its opposition to the Motion filed by Seven Stars on June 9, 2022. At that

1

time, the undersigned was in the midst of preparing papers in another case and was unable to review MDG's opposition with Plaintiff until yesterday.

Because of all of the arguments raised by MDG, framing a reply by 4:30 pm on that same day or even yesterday was not possible. In addition, a declaration from Gary Brookmyer, Esq. was also needed as he had discussions with MDG's counsel that Seven Stars believes are relevant. Mr. Brookmyer was unavailable until today.

It is respectfully requested that this Court consider Plaintiff's reply on the Motion as well as the accompanying Declaration of Gary Brookmyer.

## Reply by Seven Stars

Plaintiff-Appellant Seven Stars on the Hudson ("Appellant" or "Seven Stars"), by and through its undersigned counsel, submits this reply in response to Defendant-Appellee, MDG Powerline Holdings, LLC's ("MDG") papers to address several of the statements contained therein.

First, it is highly disingenuous of MDG to accuse Seven Stars of having "*already violated*" the Agreed Order by failing to tender the first month's payment and the operating reports. As set forth in the Declaration of Gary Brookmyer, Esq., who reached out to MDG's counsel in an effort to resolve this without further Court intervention, MDG rejected any attempt to "revive" the order. MDG's Counsel stated that his client had no "interest" in going forward with the agreement and that MDG would proceed to collect on the full amount of the judgment.

Second, it was MDG's counsel that drafted the agreed order. While it is true that many hours were spent on it, for the most part, Seven Stars and its counsel were in a holding pattern waiting for MDG's counsel to draft the agreement. As the emails, between counsel show, MDG spent hours drafting outside the presence of Seven Stars counsel, who were left waiting to see the

drafts.[1]  Neither Mr. Snyder nor Mr. Hiaasen were interested in having Seven Stars' counsel participate in the drafting.  When Seven Stars was included, the time was spent hammering out the language contained in paras. 1-9.

Third, MDG's position now is contrary to the one it argued in May when it referred to Seven Stars as a "serial" filer; because the appeal that was filed was "collateral" to the one filed from the judgment on the merits entered January 31, 2022.  MDG Response, May 18, 2022.

For the following reasons, it is respectfully requested that the arguments made by MDG be rejected and that the Court grant the relief sought by this Motion and allow the parties to resume compliance under the Agreed Order.

## ARGUMENT

### The Excusable Neglect Standard Does Apply

MDG states that there is no justification or explanation of any kind for its alleged error and that the Agreed Order "makes no reference to the original Final Judgment.  MDG Response, pg. 7.  Yet one need look no further than the transcripts of the oral argument made before this Court on May 19, 2022.  The Fee Judgment was not the focus of that hearing.  It was the Final Judgment on the merits that was at the center of the parties' arguments.  It was MDG that argued that Seven Stars was not likely to succeed on the merits.  This was a reference to the Final Judgment entered on January 31, 2022 which is the subject of an ongoing appeal.  There was no issue of likelihood of success on the merits with respect to the Fee Judgment.  And the reason is clear—that was based on an agreed number, something that this Court pointed out as well as MDG's counsel.  In fact, during the April 29, 2022 argument on fees, MDG's counsel professed surprise that after an agreement was reached, Seven Stars' counsel wanted to pursue discovery.  He states:

---

[1]  During most of that five hour period, Seven Stars' counsel and principal were left waiting to see the drafts as prepared by MDG.

> MR. HIAASEN: You know, I've never seen an issue where—where an attorney comes to court, first thing he says to the – to the Court is, yes, we have an agreement on – on the amount of fees that they're entitled to, but I still want to take discovery. Our issue is, I'm not sure what this discovery is intended to do if, as counsel represented, we have an agreement on the amount, other than delay the judgment.

Ex. A, pg. 16, lines 15-23.

He continued to profess amazement that there was even an issue of discovery to argue regarding the fees precisely because there was an agreement as to the amount of the fees:

> MR. HIAASEN: . . . plaintiff hasn't articulated a legal theory that would – that would put substance to – you know, put some meat on the bone that would explain if they were to get this information how would it be used in any way that would – that would challenge the –the issues as to fees.
>
> But if they had an issue as to that, they waived it and as – as – from our perspective, there's nothing left before the Court to  --  to decide.  This is – we should have had an agreed order entered or at least presented to the Court for entry a month ago and – any we're honestly baffled as to – as to why we're even, you know, having this discussion.

Id., pg. 18, lines 5-18.

The question is not whether the Fee Judgment would be automatically reversed if the main appeal results in a reversal, the question is whether, in light of the parties reaching an agreement as it relates to the payment of the judgment, was there an open issue regarding the appeal from the fee judgment.  Obviously, had the parties not come to an agreement, and this Court denied the stay, Seven Stars would have been aggrieved for the reasons set forth in its original motion for a stay.  And had the Court denied the request or in the absence of a resolution, Seven Stars could have sought relief from the District Court.

However, the parties did reach an agreement.  In light of the Agreed Order, the question then became what was left to pursue on an appeal, given that the amount of the fees was already agreed upon as MDG's counsel pointed out during the April 20th hearing and the parties now had

4

an Agreed Order as to how those fees would be paid during the pendency of the appeal from the Final Judgment on the Merits. *See Christian Coal. Of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011)(holding that an issue is moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief."); *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1118 (11th Cir. 1995)("if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed")(internal quotation marks and citation omitted).

This is not an admission that the original appeal was improper as MDG asserts. Seven Stars argued that absent a stay of the Attorney Fee Judgment, the Plan creditors would be detrimentally impacted.[2]  *See* DE # 324, ¶¶ 20, 22. The Agreed Order eliminated that concern.

MDG claims it would be prejudiced because Seven Stars "already violated the order". But the arguments before this Court and the provisions in the Agreed Order anticipated payments over time while the main appeal is pending. Moreover, as Mr. Brookmyer states, counsel for MDG expressed no interest in pursuing a resolution. Brookmyer Decl. ¶¶ 4-5.

MDG's motion focuses on the "deliberate" nature of Seven Stars failure to file. That is not the issue in terms of the excusable neglect argument that Seven Stars is making. The issue is whether Seven Stars relied upon (in good faith) an understanding that it was the Merits Judgment that was the subject of the provisions of the Agreed Order. The entire point of the stay motion was to come up with a plan that protected the creditors of the estate and Seven Stars made it clear it could not do that and pay the judgment. This exchange is particularly noteworthy:

THE COURT: How much is the judgment again?

---

[2]  If relief is granted in terms of permitting Seven Stars to file its appellate designation and statement of issues, it would seek to consolidate this appeal with the main one that is currently pending in the District Court. If there is a reversal, the judgment awarding attorney fees and court would also be reversed.

>MR. HIAASEN: It's $248,000.
>
>THE COURT: All right. If they had $248,000 lying around, don't you think they would have paid off their plan and accelerated it and be done?
>
>MR. HIAASEN: . .. [T]hat's probably an accurate response, Your Honor, yes.
>
>THE COURT: Okay. So I think it's a fair assessment that they don't have the money.

Ex. A, pg. 24, lines 16-25.

Seven Stars submits that this was the case based on the arguments presented by both parties.

## This Court is Empowered to Permit Late Filing of Designation and Statement of Issues

MDG's further argument that Seven Stars motion to file a designation and statement of issue is late under Bankruptcy 9023. MDG Resp. pg. 9. This is not a jurisdictional bar. *See In re Beverly Mfg. Corp*, 778 F.2d 666, 667 (11th Cir. 1985)(finding no bad faith, negligence or indifference in failure to file a brief on time); *In re Winner Corp*, 632 F.2d 658, 660-61 (6th Cir. 1980)(finding no bad faith in failure to designate record on time); *Mendelsohn v. Ozer*, 241 B.R. 503 (E.D.N.Y 1997)(court denied motion to dismiss based on Trustee's failure to file designation and statement of issues. Court held that notwithstanding that it was 22 days late, there was no prejudice).

This Court is empowered to grant the relief sought by Seven Stars.

WHEREFORE, for the foregoing reasons and well as for the reasons set forth in its Motion, Seven Stars requests that this Court, find that the Appellant is entitled to relief under Rule 60(b)(1) or alternatively, that it should be permitted to file its designation of the record and statement of issues and to consolidate same with appeal from the main case.

Respectfully submitted,

    */s/ Kathleen A. Daly*
      Kathleen A. Daly

Fla. Bar. No. 112438
LAW OFFICE OF KATHLEEN A. DALY, P.A.
515 N. Flagler Dr., Ste. P300
West Palm Beach, FL 33401
Tel: (561) 293-8514/(917) 301-2437
Fax No.    (800) 395-8692
Email: kdaly@kadalylaw.com

*Attorneys for the Appellant*
*Seven Stars on the Hudson*
*Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF and/or via email, on June 27, 2022, on all counsel or parties of record on the below/attached Service List.

*/s/ Kathleen A. Daly*
Kathleen A. Daly

**Service List**

Jeffrey Snyder, Esq.
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, 23rd Floor
Miami, FL 33131
Tel: (305) 374-7580
Email:  jsnyder@bilzin.com

Scott A. Hiaasen, Esq.
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse One
Miami, FL 33133
Tel: (305) 858-2900
Email: shiaasen@coffeyburlington.com

Attorneys for MDG Powerline Holdings, LLC


Kai Jacobs, Esq.
KAI JACOBS, PA
2222 Ponce de Leon Blvd
Coral Gables, FL 33134
Tel: (305) 768-9846
Email:  kj@sflblg.com

Attorneys for XBK Management LLC